**In re Harry F. HUTH and Loretta Huth, Debtors.**

**Gerald A. RIMMEL, Trustee, Plaintiff,**

**v.**

**Harry F. HUTH and Loretta Huth, Defendants.**

**Bankruptcy No. 86–00007–DPM. Adv. No. 86–0419(2).**

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 7, 1988.

---

Deborah Benoit, Clayton, Mo., for Trustee.

Timothy Anderson, St. Louis, Mo., for Harry F. Huth.

Gerald M. Dunne, St. Louis, Mo.

Bernhardt W. Klippel, Clayton, Mo., for Roy Moore and Roy J. Moore, Inc.

Richard Schwartz, St. Louis, Mo.

## AMENDED MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties hereto and subject matter herein pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(O), which the Court may hear and determine.

### BACKGROUND

Debtors filed their Voluntary Petition pursuant to Chapter 11 of the United States Bankruptcy Code on January 2, 1986. On August 29, 1986, the case was converted to a Chapter 7 case and Gerald A. Rimmel was appointed Interim Trustee. The Trustee filed a Complaint To Compel Turnover Of Property against both Debtors on December 19, 1986. This Complaint was amended on January 22, 1987. The Bankruptcy Court entered an Order on March 11, 1987 granting judgment in favor of the Defendant Roy J. Moore and Roy J. Moore, Inc. and in favor of Harry F. Huth on Counts I and II of Plaintiff's Complaint and also judgment against Loretta Huth and in favor of the Plaintiff/Trustee on Count II of the Plaintiff's Complaint in the amount of $3,830.00.

The Debtors had determined to dissolve their marriage at the time of filing the original bankruptcy petition. The dissolution of marriage proceedings are not concluded and are still on the docket in the State Civil Court.

The Trustee made an application to sell real estate on April 8, 1987. The Trustee was authorized to sell the Debtors' property for $70,000 on May 15, 1987. On August 10, 1987, the Trustee applied to this Court for permission to pay the homestead exemption into the registry of the Court. The Court entered an Order on August 18, 1987 allowing the Trustee to pay the $8,000 homestead exemption of the Debtors into the registry of the Court. The money has remained in the registry of the Court and has never been turned over to the Debtors from August 18, 1987 until the date of this Memorandum.

The Trustee filed an Application For Payout Of Monies To Satisfy Judgment on December 9, 1987. In this application, the Trustee sought the Court's leave to remove the amount of the judgment, $3,830.00, from the homestead exemption deposited with the Bankruptcy Court. The Defendant Harry Huth filed a Memorandum in opposition to this application on February 22, 1988. The Debtor Loretta Huth did not file a reply or objection to the Trustee's Application. The Trustee filed a Reply Memorandum in further support of his Application For Payment Of Monies To Satisfy Judgment on March 1, 1988.

### DISCUSSION

The issue involved is whether the $8,000 in proceeds from the real estate sale which have been on deposit with the Bankruptcy Court remain exempt from execution as a homestead exemption because the Debtor Loretta Huth and the Debtor Harry Huth have not taken any action to reinvest these proceeds in another homestead. The Trustee argues that the $8,000 proceeds on deposit have lost their identity as a homestead exemption and are now available for collection of the judgment amount owed to the Trustee by Loretta Huth. The Debtor

Harry Huth argues that the proceeds from the sale of the homestead have not lost their exempt status because a reasonable time for the Debtors to reinvest has not yet passed. The Debtor bases his argument on the fact that the funds held by the Bankruptcy Court have not been available to the Debtors. Therefore, the Court could not find that the Huths had abandoned the intent to reinvest the funds in a residence when they have not had access to these funds in order to reinvest them.

The Trustee cites *Matter of Andes*, 78 B.R. 968 (Bankr.W.D.Mo.1987) to support his argument that the $8,000 has lost its status as homestead exemption. Missouri case law reveals that the proceeds of a sale of real estate remain exempt only if the intention is to transfer the proceeds into the purchase of another homestead and the purchase of another homestead occurs within a reasonable time.

This Court finds that a reasonable time to reinvest the exemption has not passed in the immediate case because the Debtors, who have not had access to these funds, could not have reinvested the exemption. The lack of access to the funds coupled with the divorce proceedings in which no property settlement has been ordered, leads to the conclusion that the money has not lost its exempt status for lack of reinvestment within a reasonable time.

■ The Defendant Harry Huth's second argument is that the Trustee cannot seize the property because the $8,000 is being held as tenancy by the entirety property and a creditor of the Debtors cannot reach entireties property. The Trustee cites *In re Townsend*, 72 B.R. 960 (Bankr.W.D.Mo. 1987) for the proposition that entireties property owned by a debtor and a non-bankrupt spouse is not exempt to the extent of the joint obligations. This Court believes that *Townsend* is readily distinguishable from the case at hand. The judgment the Trustee is seeking to satisfy is not a joint obligation; it is to satisfy a judgment against Loretta Huth individually. The funds on deposit are not exempt from the reach of a post-petition creditor

such as the Trustee simply because the funds are being held as tenancy by the entireties property, but rather because a creditor of only one of the debtors does not have a right to execute against property being held as tenancy by the entireties. Loretta Huth as an individual, has no individual interest which can be carved out of the property at this time.

Therefore, this Court will order the Clerk of the Bankruptcy Court to turn the $8,000 over to the Debtors jointly.

DATED: October 7, 1988
St. Louis, Missouri

Copy mailed to:
Deborah Benoit
Attorney for Trustee
7711 Carondelet, 10th Floor
Clayton, MO 63105

Loretta Jean Huth
Debtor
1410 Salem Hills
Webster Groves, MO 63119

Timothy Anderson
Attorney for Harry F. Huth
8631 Delmar
St. Louis, MO 63124

Gerald M. Dunne
Attorney at Law
1221 Locust Street, Suite 1000
St. Louis, MO 63103

Bernhardt W. Klippel
Attorney for Roy Moore and Roy J. Moore, Inc.
8000 Maryland Avenue
Clayton, MO 63105

Richard Schwartz
Attorney at Law
3840 Lindell
St. Louis, MO 63108