**In re Larry Keith MAYES and Charlotte Mae Mayes, Debtors.**

Bankruptcy No. 85–20246(N).
Claims Nos. 12, 28.

United States Bankruptcy Court,
E.D. Missouri, N.D.

May 27, 1992.

Joseph D. Welch, Hannibal, Mo., for debtors.

Charles E. Rendlen, III, Hannibal, Mo., for Cooke Sales & Service Co.

Leslie A. Davis, Clayton, Mo., trustee.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding

pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), which the Court may hear and determine.

## PROCEDURAL BACKGROUND

Cooke Sales and Service Co. (Cooke) filed their unsecured Claim Number 12 in the amount of $100,105.54. The Trustee filed an objection to the claim raising questions of whether the debtor had received the required notice necessary to create an allowable deficiency. A hearing was held and the Trustee's objection to Claim Number 12 was sustained. Thereafter, the creditor filed Claim Number 28 as an amendment to Claim Number 12 and requested the court to reconsider its previous order. After a second hearing, the Court found that the creditor provided sufficient evidence to meet the Trustee's previous objection and issued its Order allowing Claim Number 12 as unsecured in the amount of $87,605.54 and denying Claim Number 28 as a duplicate of Claim Number 12. However, the Trustee subsequently recast its objection to Cooke's claim. The Trustee asserted that because the bankruptcy estate consists of proceeds derived from the sale of property held by the Debtors as tenants in the entirety, the Claimant should not be permitted to satisfy its claim, which is effective against only one of the Debtors, with the funds contained in the estate.

## FACTUAL BACKGROUND

The facts are not in dispute. The Debtors, Larry Mayes and his wife Charlotte Mayes, filed their voluntary Chapter 7 case on September 9, 1985. All of the assets have been liquidated. The majority of those assets were held by the Debtors as tenants by the entirety. Cooke's claim was only against Mr. Mayes both as an individual and in his capacity as a guarantor of payments due Cooke from Yates Energy and Development Company, Inc.

## DISCUSSION

The sole issue before the court is whether all or part of the proceeds of the sale of entireties property in this bankruptcy estate can be used to pay Cooke's claim against Mr. Mayes. This court previously considered this issue in *In re Huth*, 122 B.R. 724 (Bankr.E.D.Mo.1988).

In the *Huth* case, as in the case at bar, the trustee sold property the joint debtors had held as tenants by the entirety. The *Huth* trustee placed funds equal to the value of the debtors' homestead exemption in an escrow account. The trustee subsequently claimed that the money in the escrow account had lost its character as homestead proceeds because the debtors had not reinvested it within a reasonable time of the sale of the homestead property and that the funds were therefore available to pay the claims of the debtors' unsecured creditors. The debtor objected to the trustee's use of the escrow money and argued that the funds had not lost their character as homestead proceeds and that the funds were proceeds of the sale of property the debtors had held as tenants by the entirety and therefore were unavailable to pay the claims of creditors. This court held that a reasonable period to reinvest the proceeds had not expired and that the funds retained their homestead character and were exempt from the creditors' claims. However, this court continued, and further held that the proceeds of the sale of entireties property are exempt from creditors' claims that run against only one spouse.[1]

In the case at bar, Cooke's claim is only against Mr. Mayes. Under the holding in *Huth*, the proceeds of the sale of entireties property are unavailable to satisfy the claims creditors hold against one spouse, even when the spouse who is not obligated to the creditor has filed a joint petition in bankruptcy with the spouse against whom the creditor's claim applies. Therefore, the proceeds of the sale of the property Mr.

**1.** The court explained that the debtors erred in asserting that any property they had held as tenants by the entirety was exempt from all claims. Instead, the court explained that, under Missouri law as applied through Bankruptcy Code § 522(b)(2)(B), property held in the entirety is exempt from the claims of creditors whose claims run only against one spouse but that entireties property is not exempt from the claims of joint creditors of the spouses.

Mayes held with Mrs. Mayes as tenants by the entirety cannot be used to satisfy Cooke's claim against Mr. Mayes. Accordingly, the Court finds that the funds held by the Trustee that were derived from the liquidation of the Debtors' entireties property shall first be distributed to the Debtors' joint creditors who have filed timely claims, less administrative expenses and appropriate exemptions. See *In re Garner*, 952 F.2d 232 (8th Cir.1991).

An Order consistent with this Memorandum Opinion will be entered this date.

### ORDER

For the reasons set forth in the Memorandum Opinion filed this date, it is

ORDERED that the Trustee shall distribute those funds which were derived from the liquidation of Debtors' entireties property to those Debtors' joint creditors who have filed timely claims less administrative expenses and appropriate exemptions.