**In re Luther E. OLIVER, Debtor.**

**Charles W. RISKE, Trustee, Plaintiff,**

v.

**Luther E. OLIVER, Defendant.**

**Bankruptcy No. 89–43455–172.
Adv. No. 93–4508–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Oct. 18, 1994.

Deborah S. Greider, St. Louis, MO, for trustee/plaintiff.

Eileen M. Love, St. Louis, MO, for debtor/defendant.

### *ORDER*

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court on the "First Amended Complaint for Turnover, Accounting and Payment of Money Owed", filed on behalf of Charles W. Riske ("Trustee"), and the Trustee's "Motion for Summary Judgment". The Trustee has requested that Luther Oliver ("Debtor") be ordered to turn over to the Trustee the sum of $94,768.53 in tax refunds received by Debtor after the commencement of this bankruptcy case. The Trustee also has requested that he be awarded costs and attorney's fees associated with

bringing this matter. The Debtor has responded by denying the allegations and by presenting the following affirmative defenses: all refunds that he may have received are held with his wife as tenants by the entirety; the Trustee has no standing to bring this Adversary Proceeding because he abandoned his rights to this cause of action; and the Debtor used some of the money from the refunds to pay creditors, thereby mooting any action for turnover by the Trustee.

This is a core proceeding pursuant to Section 157(b)(2)(E) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri. These determinations and orders are the final findings and conclusions of the Bankruptcy Court.

The following determinations are based on a consideration of the record as a whole, including memoranda submitted by Counsel for the Trustee and Counsel for the Debtor. For the reasons set forth below, the Court will enter judgment for the Trustee.

### Facts

The facts necessary for this determination are not in dispute. The Debtor filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on August 16, 1989. On August 17, 1989, Charles W. Riske was appointed Interim Trustee, and he has continued to serve as the duly appointed and qualified Trustee of this estate. At all times relevant hereto, the Debtor was married to Mary Oliver, who is not a debtor in a bankruptcy case.

Prior to filing his petition for relief in this case, the Debtor had paid federal income taxes on certain sums of money he had earned. The United States Internal Revenue Service ("IRS") subsequently refunded a portion of these tax payments to the Debtor for the tax years ending December 31, 1987 and December 31, 1988. The total amount

refunded was approximately $94,768.53. The Debtor and Mary Oliver filed a joint return for the tax year that ended December 31, 1988. Mary Oliver listed $19,200.00 as her gross wages for that period, with paid-in withholdings in the amount of $1,656.00. However, for the tax year ending December 31, 1987, the Debtor's tax filing status was "married, filing separately".

In August, 1991, after the commencement of this case, the Debtor was advised that it was very likely that he would receive a tax refund. The Debtor in fact received refunds from the IRS on or about April 20, 1992 and on or about August 31, 1992. These refunds reflected the Debtor's overpayments for tax years that ended prior to the commencement of this case. After learning that the Debtor had received the refunds, the Trustee made demand upon the Debtor and Debtor's counsel to turn over the value of the refunds to the bankruptcy estate. As of the date of this Order, the Debtor has not complied with the Trustee's demand to pay the refunds into the estate.

The Debtor has stated that he used approximately $60,878.00 of the refunds to pay restitution to the United States Government pursuant to a settlement of criminal charges against him. He has used most of the remainder to pay other expenses. The record does not indicate whether the other expenses paid were prepetition or postpetition expenses.

### Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56, Federal Rules of Civil Procedure ("FRCivP"), as made applicable through Rule 7056 ("FRBP").

The Court has determined that for purposes of this motion, there is no genuine issue as to any material fact. The initial

legal issues are whether the tax refunds constitute tenancy by the entirety property and whether the Trustee abandoned the estate's interest in the refunds.

■ The United States Court of Appeals for the Eighth Circuit has disposed of the threshold issue of whether tax refunds which have not yet been paid to a debtor, and which are based on prepetition earnings, become property of the bankruptcy estate. The Court of Appeals has held that a debtor's interest in a tax refund is property of the debtor's bankruptcy estate and is not exempt as "earnings" under Missouri's garnishment statute. See Wallerstedt v. Sosne (In re Wallerstedt), 930 F.2d 630 (8th Cir.1991); see also In re Robinson, 152 B.R. 956 (Bankr. E.D.Mo.1993). Therefore, whatever interest the Debtor possessed in the tax refunds at the time of the commencement of the case passed to the bankruptcy estate.

■ The Debtor has raised the issue of whether the refunds constituted tenancy by the entirety property. The Debtor has argued that because his wife is not a debtor in a case under Title 11, the refunds are entirety property and thus not subject to administration. See **Defendant Luther E. Oliver's Answer to Complaint for Turnover**, Document # 4, filed Nov. 5, 1993. Generally, property held by a husband and wife as tenants by the entirety is not includable in a debtor's bankruptcy estate unless both the husband and wife are debtors under Title 11. See Wetteroff v. Grand (In re Wetteroff), 453 F.2d 544, 546 (8th Cir.), cert. denied, 409 U.S. 934, 93 S.Ct. 242, 34 L.Ed.2d 188 (1972); In re Burch, 3 BAMSL 1567, Case No. 84–00001(SE) (Bankr.E.D.Mo.1985). An exception to this general rule occurs when the bankruptcy case of one spouse includes debts that are joint obligations with the other spouse. When this circumstance exists, the trustee in the debtor/spouse's case may administer upon entirety property as an asset of the bankruptcy estate.

In Missouri, entirety property cannot be reached to satisfy the individual debts of one of the spouses making up the entirety entity ... Missouri entirety property can be reached to satisfy joint debts of the spouses, however, even when only one of the entirety-entity spouses is in bankruptcy and not the other.

In re Magee, (Bankr.W.D.Mo. August 29, 1975) (Aff'd and published as appendix to In re Magee, 415 F.Supp. 521, 527 (W.D.Mo. 1976)); see In re Townsend, 72 B.R. 960, 962 (Bankr.W.D.Mo.1987).

■ In the matter being considered here, the Debtors' schedules list several debts that are joint obligations with his non-debtor spouse. Therefore, even if the tax refunds were to be determined to be owned as tenants by the entirety, they are subject to administration in this Bankruptcy case, and, therefore, they are assets of this bankruptcy estate.

■ The Debtor has also argued that the Trustee abandoned his right to bring this action when he sold his interest in the bankruptcy estate to Jerome Kalishman in September 1991 with Court approval. An underlying principle of the Bankruptcy Code imposes an obligation upon each debtor to disclose essential information, including the existence of all assets, the value of all assets, the receipt of assets and the liquidation of claims that are property of the estate. See, e.g., 11 U.S.C. § 521; Fed.R.Bankr.P. 1007–1009, 4002 (FRBP). During the pendency of this case, the Debtor received certain tax refunds and failed to report them to the Trustee or to the Court. He thereafter used a sizable portion of the refunds to pay restitution to the United States as part of a criminal proceeding in which he was the Defendant. The record here reflects that the Trustee had no knowledge of the tax refunds, and therefore, could not abandon that which he did not know existed.

Furthermore, the Trustee sold the estate interest in the Debtor's assets before the Debtor did what he was obligated to do, i.e., file tax returns and make a claim for a refund. The Debtor's actions prevented the Trustee from ascertaining the value of any refund that may have been determined to be

an asset of the bankruptcy estate. The Trustee did not sell, transfer, or abandon the estate interest in the refunds; he could not do so because he did not know the value of the unlisted asset. Contrary to the allegations of the Debtor, the Trustee did not have full knowledge of the refunds at the time he elected to sell his interest in what he had previously believed to be a no-asset case.[1] Thus, the estate's interest in the tax refunds was never abandoned, and must be administered upon by the Trustee.

Therefore, this Court finds and concludes that the Trustee has proven the allegations in the Complaint and that no other material question of fact exists for purposes of this motion. As a matter of law, the Trustee is entitled to summary judgment.

**IT IS ORDERED** that this matter is concluded; and that the Trustee's Motion for Summary Judgment is **GRANTED**; and that, as to the Trustee's Amended Complaint,

1. Judgment is entered in favor of Charles W. Riske ("Plaintiff") and against Luther E. Oliver ("Defendant"); and that the Defendant is to immediately turn over to the Plaintiff all of the tax refunds that were received by him during the pendency of the Bankruptcy case, as described in the Amended Complaint; and

2. That in the alternative, as and for judgment on the Amended Complaint, the Defendant is to pay to the Plaintiff the sum of $94,768.53, representing the value of the tax refunds received by the Defendant; and

3. That to the extent not already done, the Defendant is to file and serve on the Trustee an accounting of all receipts and disbursements made by the Defendant in connection with these tax refunds; and

4. That the costs of this proceeding are taxed against the Defendant; and

5. That all other requests in this matter are **DENIED.**

---

1. The Trustee has indicated that he did not intend to transfer an asset of the estate of an amount of approximately $95,000.00 and that he did not abandon, sell, convey, or assign any right in the tax refunds to anyone. *See* **Affidavit of Charles W. Riske, Exhibit E to Trustee's Motion for Summary Judgment**, Document # 12, filed February 7, 1994.