# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 97-6090EM

---

In re: Gerard Van Der Heide,      *
          *
     Debtor.      *
          *
          *
Gerard Van Der Heide, United States      *     Appeal from the
          *     Bankruptcy Court for the
     Appellant, of Missouri      *     Eastern District
          *
     v.      *
          *
          *
John V. LaBarge, Jr.,      *
          *
     Appellee.      *

---

Submitted: February 18, 1998
Filed: April 15, 1998

---

Before KOGER, Chief Judge, KRESSEL and DREHER, Bankruptcy Judges.

---

KRESSEL, Bankruptcy Judge.

The debtor, Gerard Van Der Heide, appeals an order of the bankruptcy court[1] denying confirmation of his Chapter 13 plan and dismissing his case. We affirm.

---

[1] The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

## BACKGROUND

Van Der Heide filed his Chapter 13 case on January 7, 1997. In his plan, Van Der Heide proposed to pay general unsecured creditors $2,858. The trustee objected to confirmation, claiming that Van Der Heide's plan did not satisfy 11 U.S.C. § 1325(a)(4)'s "best interests of creditors" test since unsecured creditors were not receiving as much as they would under a Chapter 7 liquidation.[2]

The basis for the trustee's objection--and the subject matter of this litigation--involves a parcel of real estate which Van Der Heide owns, along with his wife, as tenants by the entirety. In their submissions to the court, the parties agreed that a hypothetical sale of the property would yield $24,495.[3] What the parties did not agree on is how the proceeds would be distributed in a Chapter 7 case. Van Der Heide contended that only one-half of the net proceeds--$12,248--was available for distribution to creditors, since his wife owns a one-half interest in the entireties property. From this amount, Van Der Heide further argued that he was entitled to deduct $9,900 in exemptions, leaving $2,348 for unsecured creditors.[4] Since his plan provided for an even larger distribution to unsecured creditors than the hypothetical

---

[2]11 U.S.C. § 1325(a)(4) directs the court to confirm a plan if:

the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7. . . .

[3]This figure is reached by subtracting a 7% real estate commission of $5,005 and $42,000 in mortgage debt from the fair market value of $71,500.

[4]Pursuant to Missouri law, Van Der Heide is seeking $8,000 in homestead exemptions and $1,900 in wildcard exemptions.

2

liquidation, Van Der Heide argued that he had satisfied 11 U.S.C. § 1325(a)(4)'s "best interests of creditors" test.

The trustee, by contrast, argued that *all* of the sale proceeds were available for distribution, subject only to a deduction for Van Der Heide's $9,900 exemption. According to the trustee's calculations, unsecured creditors were entitled to recover $14,595. Persuaded by this analysis, the bankruptcy court denied confirmation of the plan and directed Van Der Heide to file an amended plan meeting the trustee's objections within 20 days or face dismissal. When Van Der Heide failed to file an amended plan, the court dismissed his case.

**DISCUSSION**

On appeal, Van Der Heide argues that the bankruptcy court erred in determining that his plan did not satisfy the best interests of creditors test. We review the bankruptcy court's legal conclusions *de novo*. First Nat'l Bank of Olathe v. Pontow, 111 F.3d 604, 609 (8th Cir. 1997); Chamberlain v. Kula (In re Kula), 213 B.R. 729, 735 (B.A.P. 8th Cir. 1997).

Van Der Heide makes three principal arguments on appeal. First, Van Der Heide argues that his residence, as tenancy by the entireties property, is not property of the estate. Second, Van Der Heide argues that the property is exempt from attachment by creditors. Finally, even if the court concludes that the residence is property of the estate subject to attachment, Van Der Heide maintains that he owns only a one-half interest in the property.

Property of the Estate

On appeal, Van Der Heide argues that his entireties property is not property of the estate. 11 U.S.C. § 541(a)(1) defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." In Garner v. Strauss (In re Garner), 952 F.2d 232 (8th Cir. 1991), the Eighth Circuit was called upon to decide

4

whether stock held in tenancy by the entirety came into the bankruptcy estate.  The court concluded that "[s]ection 541(a)(1) 'is certainly broad enough to include an individual debtor's interest in property held as a tenant by the entirety.'"  Id. at 234 (quoting Napotnik v. Equibank &

<u>Parkvale Sav. Ass'n</u>, 679 F.2d 316, 318 (3d Cir. 1982); <u>see</u> <u>also</u> <u>In re Grosslight</u>, 757 F.2d 773, 775 (6th Cir. 1985).[5]  Van Der Heide's residence is property of the estate.

<u>Exempt Property</u>

Van Der Heide also argues that his residence is exempt from attachment by creditors.  11 U.S.C. § 522(b)(2)(B) allows a debtor to exempt property held in tenancy by the entirety only if state nonbankruptcy law provides for an exemption: "[A]n individual debtor may exempt from property of the estate . . . any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law."  11 U.S.C. § 522(b)(2)(B).

In Missouri, creditors may reach entireties property only if the obligations have been jointly incurred.  <u>See</u> <u>Garner</u>, 952 F.2d at 235 ("[U]nder Missouri law, for a creditor to reach tenancy by the entirety property, the spouses must have jointly acted to burden the property."); <u>Landmark Bank v. Charles</u> <u>(In re Charles)</u>, 123 B.R. 52, 55 (Bankr. E.D. Mo. 1991) ("[U]nder Missouri law, entireties property is *not* exempt from process to the extent of joint debts."); <u>Matter of Estate of Savage</u>, 650 S.W.2d 346, 351 (Mo. Ct. App. 1983) (holding that property

---

[5]11 U.S.C. § 522(b)(2)(B) provides an alternative basis for bringing entireties property into the bankruptcy estate.  Section 522(b)(2)(B) states that:

> [n]otwithstanding section 541 of this title, an individual debtor may exempt from property of the estate . . .
>
> > (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

"[B]y allowing an individual debtor to exempt certain interests as a tenant by the entirety, Congress intended that such interests be included in the estate in the first place."  <u>Garner</u>, 952 F.2d at 234.

held in tenancy by the entirety "is not subject to a lien or attachment for the debt of *one* tenant.") (emphasis added). Since the parties stipulate that Van Der Heide's debts were jointly incurred with his wife, the property is not exempt from attachment by joint creditors.

<u>Debtor's Interest in Entireties Property</u>

Since the property in question is homestead property incapable of partition, a Chapter 7 trustee would be entitled to sell both the debtor's and his wife's interest in the property. 11 U.S.C. § 363(h). After such a sale, the trustee would be obligated to distribute the net proceeds to the debtor's wife, according to her interest and the interest of the estate. 11 U.S.C. § 363(j); <u>Garner</u>, 952 F.3d at 236 n.5. Van Der Heide argues that a Chapter 7 trustee would distribute one-half of the sale proceeds to his wife since she owns a one-half interest in the property. However, Missouri courts have routinely concluded that each tenant by the entirety owns an *indivisible* interest in the *whole* estate. <u>See</u> <u>Ronollo v. Jacobs</u>, 775 S.W.2d 121, 123 (Mo. 1989) (en banc) ("Each spouse is seized of the whole or entirety and not a share, moiety or divisible part. Thus, neither spouse owns an undivided half interest in entirety property; the whole entirety estate is vested and held in each spouse. . . ."); <u>Nelson v. Hotchkiss</u>, 601 S.W.2d 14, 20 (Mo. 1980) (en banc) ("In an estate of the entirety the husband and the wife . . . each owns, not a part, or a separate or a separable interest, but the whole. . . .") (<u>quoting</u> <u>Wilson v. Frost</u>, 85 S.W. 375, 377 (Mo. 1905)); <u>In re Estate of Morton</u>, 822 S.W.2d 456, 459 (Mo. Ct. App. 1991) ("In a tenancy by the entirety, husband and wife each own the whole property."); <u>see</u> <u>also</u> <u>Grant v. Himmelstein</u> (<u>In re Himmelstein)</u>, 203 B.R. 1009, 1016 (Bankr. M.D. Fla. 1996 ) ("This court does not find that an interest in tenancy by the entireties is equivalent to one half of the equity in the property, but rather finds that the tenant's interest comprises an inseverable interest in the whole. Therefore, if a joint judgment creditor exists, all of the equity in the entireties property comes into the estate and is distributed to all joint judgment creditors and the remaining equity is exempt."). In keeping with Missouri caselaw, we conclude that Van Der Heide possesses an indivisible interest in the whole residence. As

such, one hundred percent of the property is property of the estate, and the trustee is entitled to distribute all of the proceeds to joint creditors.[6]

In reaching our decision, we note that the majority of circuits have allowed joint creditors to reach the non-filing spouse's interest in tenancy by the entireties property.  See

---

[6]"When entireties property is sold, the proceeds are entireties property, and are distributable to joint creditors of the husband and wife.  Any surplus is claimable as an exception under Code section 522(b)(2)(B)."  5 Collier on Bankruptcy ¶ 541.05[6][a] (Lawrence P. King ed., 15th ed. 1998).

Edmonston v. Murphy (In re Edmonston), 107 F.3d 74, 75 (1st Cir. 1997) (holding that a joint creditor "may reach and apply the entireties property."); Liberty State Bank & Trust v. Grosslight (In re Grosslight), 757 F.2d 773, 776 (6th Cir. 1985) (holding that joint creditors could reach entireties property "because each spouse owns the whole estate. . . ."); Napotnik v. Equibank & Parkvale Sav. Ass'n, 679 F.2d 316, 321 (3d Cir. 1982) ("[W]e hold that a creditor with a joint judgment on a joint debt may levy upon the property itself and thus upon the interests of both spouses."); see also In re Smith, 200 B.R. 213, 215 (Bankr. E.D. Mo. 1996) (holding that debtors' joint creditors "could access the entirety equity under Missouri non-bankruptcy law."); In re Mayes, 141 B.R. 669, 671 (Bankr. E.D. Mo. 1992) ( directing trustee to distribute proceeds from liquidation of debtors' entireties property to joint creditors only).

In his dissent, the Chief Judge does not disagree with our analysis, but would conclude that the Eighth Circuit has held otherwise. Obviously, if the Eighth Circuit had held that a debtor owns only a one-half interest in tenancy by the entirety property, we would be bound to follow such a holding. However, we disagree that it has. In fact, we think it held exactly the opposite in Garner in the process of determining that tenancy by the entirety property is property of the estate. The Chief Judge relies on dicta at the end of the Garner opinion: "[I]n order to comply with the intent of the Code, we order that one-half of the cash received for the stock be returned to [the debtor's wife]." Garner, 952 F.2d at 236. Although we recognize that this statement may suggest a contrary result from the one we reach today, we do not find this directive necessary or even germane to the Eighth Circuit's holding. The Garner court was not called upon to determine the respective interests of tenants by the entirety, but to decide whether entireties property becomes property of the estate when only

10

one spouse files for bankruptcy.  We also note that the court itself remarked that its ruling "leaves open the question of the trustee's disposition of the stock."  <u>Garner</u>, 952 F.2d at 235.  Therefore, we respectfully treat the passage awarding the non-filing spouse one-half of the proceeds as dicta, intended only to resolve the disposition of the stock in that case.[7]

---

[7]In the wake of the Eighth Circuit's opinion, several bankruptcy courts have expressly cited <u>Garner</u> for the proposition that joint creditors may reach the entire proceeds of entireties property.  <u>See</u> <u>In re Smith</u>, 200 B.R. 213, 215 (Bankr. E.D. Mo. 1996) (holding that "it is clear that the Debtors' joint creditors could access the entirety equity. . . .  <u>Garner</u>, supra."); <u>In re Mayes</u>, 141 B.R. 669, 671 (Bankr. E.D. Mo. 1992) ("[T]he funds held by the Trustee that were derived from the liquidation of the Debtors' entireties property shall first be distributed to the Debtors' joint creditors who have filed timely claims, less administrative expenses and appropriate exemptions.  See *In re Garner*, 952 F.2d 232 (8th Cir. 1991)."); <u>see</u> <u>also</u> <u>Riske v. Oliver</u> (<u>In re Oliver</u>), 172 B.R. 924, 926 (Bankr. E.D. Mo. 1994) ("[W]hen the bankruptcy case of one spouse includes debts that are joint obligations with the other spouse . . . the trustee in the debtor/spouse's case may administer upon entirety property as an asset of the bankruptcy estate.").

The dissent also suggests that Bankruptcy Code provisions providing for partition or distribution of the proceeds to the estate and the debtor's spouse according to their interests requires the division of the property or its proceeds as appropriate into two equal halves, one for the estate and one for the debtor's spouse. With respect, we think that begs the question. The Bankruptcy Code says nothing about equal division, only partition or division according to their interests. The interests referred to are those created by state law. As we have already discussed, under Missouri law, the estate and the debtor's spouse each are owners of 100% of the property and its proceeds and to the extent joint creditors file claims, the proceeds would be distributable to the estate. See supra, note 5.

**CONCLUSION**

Since the bankruptcy court did not err in determining that Van Der Heide failed to satisfy 11 U.S.C. § 1325(a)(4), we affirm the denial of confirmation of his plan and dismissal of his case.

KOGER, Chief Judge, dissenting

I respectfully dissent. While I do not disagree with the majority's analysis (as they state), I believe that the Eighth Circuit's decision in Garner v. Strauss (In re Garner), 952 F.2d 232 (8th Cir. 1991), compels a different result in this case.

Clearly, the majority's analysis is correct in its determination that the entireties property is property of the debtor's estate. I also agree that it is not exempt to the extent that the debtor has joint creditors with his non-debtor spouse and that the property can be sold by the trustee pursuant to §363. Where I disagree with the majority is in how the proceeds are to be distributed once the property is sold.

This disagreement is a result of my interpretation of the Eighth Circuit's directive in Garner, which differs from the majority's interpretation. Essentially, I disagree with the majority's conclusion that Garner's directive regarding the non-debtor spouse's share of the entireties proceeds is mere dicta. According to the majority, the Garner Court was not called upon to determine the respective interests of the parties, but to decide solely whether entireties property becomes property of the estate when only one spouse files bankruptcy.

The majority opinion states that the Garner Court remarked that its ruling "leaves open the question of the trustee's disposition of the stock." Garner, 952 F.2d at 235. However, rather than leaving that question open, I believe the Garner Court then went on to immediately answer that question. The paragraph containing that phrase reads in its entirety:

> Having failed to qualify as exempt under section 522(b)(2)(B) of the Bankruptcy Code, the stock at issue is part of [the debtor's] bankruptcy estate pursuant to section 541(a) of the Code. Our ruling, however, leaves open the question of the trustee's disposition of the stock. If liquidation is the intent of the trustee, as is the case here, 11 U.S.C. § 363 (1988) governs the trustee's disposition of the stock.

Id. As I read this passage, the Court did not leave the question regarding the trustee's disposition of the entireties

13

property for another day; rather, the Court answered the question in the very next sentence, specifically holding that § 363 governs the trustee's disposition of the asset.

Even more telling is that the Eighth Circuit then went on to make its analysis under § 363. As I interpret <u>Garner</u>, that analysis is as follows:

Where partition is impracticable, § 363(h) permits the sale of both the debtor's interest (the estate's interest) and the non-debtor spouse's interest in entireties property. <u>Id</u>. The Court noted that the entireties property in that case, stock, could have been relatively easily

partitioned, implying that a sale would not have been necessary. Id. at 236. Unfortunately, the stock had already been sold.

> Because the stock here, however, has already been liquidated, it cannot be partitioned in accordance with section 363. Thus, in order to comply with the intent of the Code, we order that one-half of the cash received for the stock be returned to [the non-debtor spouse]. Returning one-half of the proceeds from the sale of the stock shares to [the non-debtor spouse] does not insulate her from creditors pursuing whatever actions they possess against her.

Id. (footnotes omitted). This is a plain order compelling one-half of the proceeds to be returned to the non-debtor spouse. Nowhere in Garner is it suggested that the joint creditors are to be satisfied out of the proceeds first. In fact, the Eighth Circuit specifically suggested that such creditors would be free to pursue the property in the hands of the non-debtor spouse. Id. at 236. ("Returning one-half of the proceeds from the sale of the stock shares to [the non-debtor spouse] does not insulate her from creditors pursuing whatever actions they possess against her").

I recognize that the Garner Court was addressing an asset which should have been partitioned, rather than sold, and that in making this order the Garner Court may have been attempting to put the parties into the same position they would have been had the partition, rather than the sale, occurred. However, in an important footnote, the Court went on:

> We recognize that we could have ordered similar action under 11 U.S.C. § 363(j) (1988), which provides:

>> (j) After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the

15

case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

Had it been impracticable to partition the stock, we would have certainly ordered the trustee to comply with section 363(j). As noted in the text, however, we have no evidence that the stock could not have been partitioned. We choose to act under section 363(h)(1) and not under section 363(j), because the former subsection does not subtract transactional costs from the non-debtor's property interest, while the latter provision imposes such costs.

> It would not be equitable to penalize [the non-debtor spouse] by reducing her property interest simply because the trustee liquidated the stock without first attempting to comply with section 363(h)(1). If, however, the bankruptcy court decides that partitioning the stock would have been impracticable and that none of the other section 363(h) limitations apply, section 363(j) becomes the relevant statute.

Id. at 236 n.5. I interpret these comments by the Eighth Circuit, in conjunction with the order to return half of the proceeds to the non-debtor spouse, to compel the non-debtor spouse's share of the proceeds be distributed to her after a sale of entireties property by the trustee. Nowhere in § 363(j) or Garner is it suggested that the joint creditors are to be satisfied out of the proceeds first.

Moreover, while I recognize that several other circuits and bankruptcy courts have agreed with the majority's opinion here, I believe the Eighth Circuit's directive that the non-debtor spouse is to be paid from the proceeds is not without merit. Certainly, as the majority states, Missouri law considers the owners of entireties property to each hold an undivided interest in the whole and I find the majority's conclusion that because Van Der Heide owns an indivisible interest in the whole residence, one hundred percent of the property is property of the estate, to be a sensible extension of that state law premise.

However, I do not believe that the premise that the debtor and his wife each own an indivisible interest in the whole mandates the distribution scheme suggested by the majority. The Code expressly authorizes, and arguably prefers, partition of entireties property where only one tenant files

17

bankruptcy.[8]   Partitioning, by definition, requires the property to be divided into two halves, despite Missouri entireties law.  I see little difference between partitioning the asset and returning the non-debtor's share of the asset to her on the one hand, and selling the asset and returning the non-debtor's share of the proceeds to her on the other hand. Arguably, both may be contrary to Missouri entireties law. Nevertheless, I would

---

[8] Partition appears to be preferred because a trustee is authorized to sell entireties property only if partition is impracticable.  11 U.S.C. § 363(h)(1).

suggest that since the Code specifically authorizes one, the other is not necessarily impermissible.

Furthermore, subsection (j), which the Eighth Circuit plainly directed would be applicable where the bankruptcy court determines that partition is impracticable, directs that after a sale of the entireties property, "the trustee *shall* distribute to the debtor's spouse . . . and to the estate, the proceeds of such sale . . . according to the interests of such spouse . . . and of the estate."  11 U.S.C. § 363(j) (emphasis added).  No mention of payment to joint creditors is made here and this section appears to require (by use of the word "shall") that the non-debtor spouse receive her share of the proceeds.

Restating, I suggest that rather than holding that the debtor owns only a one-half interest in the property, the Eighth Circuit's directive in <u>Garner</u> is premised on the Code's permitting partitioning in § 363(h) and directing in § 363(j) that the trustee is to distribute proceeds from the sale to the non-debtor spouse.

In sum, then, I perceive the Eighth Circuit's decision in <u>In re Garner</u> mandates that where only one spouse files bankruptcy and entireties property is sold pursuant to § 363, one-half of the proceeds must be returned to the non-debtor spouse before joint creditors are satisfied.  Although contrary to the authority coming from the majority of other circuits addressing this issue, I believe the <u>Garner</u> decision has merit, and more importantly, I am compelled to follow what I interpret the law of the Eighth Circuit to be at this time.

Because I disagree with the majority's opinion on this narrow issue, I would reverse the bankruptcy court's dismissal of the debtor's case for failure to propose a plan which

19

complies with § 1325(a)(4)'s "best interest of creditors" test. It is my opinion that because <u>Garner</u> requires the non-debtor spouse to be paid her share of the proceeds of the sale of entireties property before unsecured creditors, the debtor's proposed plan in this case did not violate the best interest of creditors test.  For that reason, I respectfully dissent from the majority's affirmance of the bankruptcy court's decision dismissing the debtor's Chapter 13 case.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT