HEANEY, Senior Circuit Judge.
 

 Bruce Strauss, bankruptcy trustee for Franklin Garner’s estate, appeals from the district court’s ruling that tenancy by the entirety property cannot be included in the bankruptcy estate when only one spouse is in bankruptcy. 121 B.R. 356. We reverse the ruling of the district court.
 

 BACKGROUND
 

 As tenants by the entirety, Franklin and Margie Garner own 200 shares of Document Service stock and 6500 shares of B & G Sand and Gravel stock. Although the Garners were joint debtors, only Franklin Garner has declared bankruptcy. Bruce Strauss, as bankruptcy trustee, seeks to include the stock holdings as property of the bankruptcy estate. We are thus faced with the issue of whether personal property held in tenancy by the entirety by a debtor and his spouse should be included as property of the bankruptcy estate when only one spouse is in bankruptcy.
 

 DISCUSSION
 

 I. Section 541(a) of the Bankruptcy Code
 

 Under 11 U.S.C. § 541(a)(1) (1988), the bankruptcy estate includes “all legal or
 
 *234
 
 equitable interests of the debtor in property as of the commencement of the case.” Here, there is no dispute that Franklin Gamer possessed a property interest in the stock at the time of the commencement of the bankruptcy. Thus, a plain reading of the Bankruptcy Code indicates that the stock should be included in the bankruptcy estate.
 

 This court has recognized that “[t]he legislative history of this section clearly establishes Congressional intent that the bankruptcy estate be as all-encompassing as the language indicates.”
 
 In re Graham,
 
 726 F.2d 1268, 1270 (8th Cir.1984). The Third Circuit has more pointedly explained that Section 541(a)(1) “is certainly broad enough to include an individual debtor’s interest in property held as a tenant by the entirety.”
 
 Napotnik v. Equibank & Parkvale Sav. Ass’n.,
 
 679 F.2d 316, 318 (3d Cir.1982). As the Third Circuit reasoned:
 

 Any doubts about congressional intent in this respect are resolved by a reading of the exemption provisions of the Code. Section 522(b)(2)[B] provides that,
 

 [n]otwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ...
 

 (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.
 

 11 U.S.C. § 522(b)(2)[B], Though there may be, as we shall see, some question as to what Congress meant to be exempted by Section 522(b)(2)(B), it is at least clear that by allowing an individual debt- or to exempt certain interests as a tenant by the entirety, Congress intended that such interests be included in the estate in the first place.
 

 Id.
 
 (footnote omitted).
 

 We concur in this exposition and note that other circuits, as well as an overwhelming majority of the bankruptcy courts, that have addressed the tenancy by the entirety issue have reached a similar conclusion.
 
 See, e.g., In re Grosslight,
 
 757 F.2d 773, 775 (6th Cir.1985) (and cases cited therein). As the Sixth Circuit explained, “[i]t is now established law that [section 541(a)] brings entireties property into the bankruptcy estate.”
 
 Id.
 
 (citations omitted).
 
 But see In re Anderson,
 
 12 B.R. 483, 490 (Bankr.W.D.Mo.1981) and
 
 In re Jeffers,
 
 3 B.R. 49, 56 (Bankr.N.D.Ind.1980).
 

 II. Section 522(b)(2)(B) of the Bankruptcy Code
 

 11 U.S.C. § 522(b)(2)(B) (1988) provides that, if state law so provides, a debtor may exempt from property of the estate,
 

 any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law.
 

 Missouri, the residence of the Garners, has exercised this option. According to Missouri statutory law,
 

 Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri....
 

 Mo.Ann.Stat. § 513.427 (Vernon 1991). We thus must decide whether Missouri’s non-bankruptcy law prevents creditors from attaching entirety property where both holders of the entirety interest are jointly indebted to the creditors.
 
 See In re Persky,
 
 893 F.2d 15, 18-19 (2d Cir.1989);
 
 Chippenham Hosp., Inc. v. Bondurant,
 
 716 F.2d 1057, 1059 (4th Cir.1983);
 
 Ragsdale v. Genesco, Inc.,
 
 674 F.2d 277, 279 (4th Cir.1982) (each conducting this analysis).
 

 We have not found an instance where Missouri nonbankruptcy law prevents the creditor(s) of joint debtors from reaching property that the debtors own as tenants by the entirety.
 
 [1]
 
 We have found,
 
 *235
 
 however, repeated instances where in a nonbankruptcy context, the Missouri courts have pivoted their holding that a creditor could not access entirety property on the fact that only one of the holders of the entirety interest was in debt to the creditor.
 
 See e.g., Matter of Estate of Savage,
 
 650 S.W.2d 346, 351 (Mo.Ct.App.1983);
 
 Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Shackelford,
 
 591 S.W.2d 210, 215 (Mo.Ct.App.1979);
 
 Kaufmann v. Krahling,
 
 519 S.W.2d 29, 31 (Mo.Ct.App.1975);
 
 Niehaus v. Mitchell,
 
 417 S.W.2d 509, 514 (Mo.Ct.App.1967);
 
 Hanebrink v. Tower Grove Bank & Trust Co.,
 
 321 S.W.2d 524, 527 (Mo.Ct.App.1958);
 
 Bostian v. Jones,
 
 244 S.W.2d 1, 3 (Mo.1951);
 
 Fulbright v. Phoenix Ins. Co. of Hartford, Conn.,
 
 44 S.W.2d 115, 117 (Mo.1931). A close examination of the language of these cases reveals that under Missouri law, for a creditor to reach tenancy by the entirety property, the spouses must have jointly acted to burden the property. For instance, in
 
 Niehaus v. Mitchell,
 
 a Missouri court of appeals stated, “we have decided that where a lot is owned by the entirety it can be burdened only by the joint action of both spouses.” 417 S.W.2d at 510. Similarly, in
 
 Kaufmann v. Krahling,
 
 the same court first explained that “[njeither spouse has exclusive management power; neither may encumber or adversely affect the estate without the other’s assent. Neither spouse can act alone to convey the other’s property interest.” 519 S.W.2d at 31 (citations omitted). The court then stated that “Missouri courts will impress a wife’s interest with a lien if her activity rises to the level of joint participation.”
 
 Id.
 
 Relying on these precepts, the
 
 Kaufmann
 
 court concluded that because the creditor failed to show that the debtor-spouses contracted jointly to pay the creditor, the creditor could not gain a lien on the spouses’ entirety property.
 
 Id.
 
 at 33.
 

 Based on the above cases, we conclude that were the question before the Supreme Court of Missouri in a nonbankruptcy context, that court would not prevent creditors from accessing tenancy by the entirety property where the entirety owners were jointly indebted to the creditors. This conclusion accords with Congress’ intent to bring all of a bankrupt individual’s property interests into the bankruptcy estate and then equitably protect the nonbankrupt individual’s interest in the property.
 
 See
 
 discussion
 
 supra
 
 part I and cases cited therein;
 
 see also
 
 H.R.Rep. No. 595, 95th Cong., 1st Sess. 177 (1977),
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6137-38.
 
 [2]
 

 Before concluding our section 522(b)(2)(B) discussion, we note that had this section instructed us to apply Missouri’s bankruptcy law, as opposed to its nonbankruptcy law, we would have reached an opposite conclusion.
 
 See, e.g., Shipman v. Fitzpatrick,
 
 350 Mo. 118, 164 S.W.2d 912, 913 (1942) (“A trustee in bankruptcy has no interest in land held by the entirety where only one of the two tenants by the entirety goes into bankruptcy.”).
 

 III. Trustee’s Administration of Assets
 

 Having failed to qualify as exempt under section 522(b)(2)(B) of the Bankruptcy Code, the stock at issue here is part of Franklin Garner’s bankruptcy estate pursuant to section 541(a) of the Code. Our ruling, however, leaves open the question of the trustee’s disposition of the stock. If liquidation is the intent of the trustee, as is the case here, 11 U.S.C. § 363 (1988) governs the trustee’s disposition of the stock.
 

 Subsection (h) of section 363 of the Code permits the sale of both the bankrupt estate’s interest and the interest of any co-owner in tenancy by the entirety property,
 
 *236
 
 with specified limitations.
 
 [3]
 
 The first of these limitations, that partition in kind of the entirety property must be impracticable to permit the sale of the nonbankrupt co-owner’s interest, is relevant here.
 
 See
 
 11 U.S.C. § 363(h)(1) (1988). Nothing in the record indicates that partitioning of the jointly owned stock would have been impracticable. Indeed, relative to other commodities, stock shares are easily divided.
 

 Because the stock here, however, has already been liquidated, it cannot be partitioned in accordance with section 363.
 
 [4]
 
 Thus, in order to comply with the intent of the Code, we order that one-half of the cash received for the stock be returned to Margie Garner.
 
 [5]
 
 Returning one-half of the proceeds from the sale of the stock shares to Margie Garner does not insulate her from creditors pursuing whatever actions they possess against her.
 

 CONCLUSION
 

 We reverse the decision of the district court and remand this case to the bankruptcy court for proceedings consistent with this opinion.
 

 [1]
 

 . Missouri’s nonbankruptcy law clearly exempts entirety property where only one of the entirety
 
 *235
 
 interest holders is indebted.
 
 See, e.g., Otto F. Stifel's Union Brewing Co. v. Saxy,
 
 273 Mo. 159, 201 S.W. 67, 71 (1918).
 

 [2]
 

 . Discussing section 541 of the Code, this legislative history explains:
 

 The bill also changes the rules with respect to marital interests in property_ With respect to other co-ownership interest(s), such as tenancies by the entirety, ... the bill does not invalidate the rights, but provides a method by which the estate may realize on the value of the debtor’s interest in the property while protecting the [co-tenant’s] rights.
 

 [3]
 

 . 11 U.S.C. § 363(h)(l — 4) (1988) provides:
 

 (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate’s interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
 

 (1) partition in kind of such property among the estate and such co-owners is impracticable;
 

 (2) sale of the estate’s undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
 

 (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
 

 (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.
 

 [4]
 

 . The parties revealed at oral argument before this court that the stock has already been converted to cash.
 

 [5]
 

 . We recognize that we could have ordered similar action under 11 U.S.C. § 363(j) (1988), which provides:
 

 (j) After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor’s spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.
 

 Had it been impracticable to partition the stock, we would have certainly ordered the trustee to comply with section 363(j). As noted in the text, however, we have no evidence that the stock could not have been partitioned. We choose to act under section 363(h)(1) and not under section 363(j), because the former subsection does not subtract transactional costs from the non-debtor’s property interest, while the latter provision imposes such costs. It would not be equitable to penalize Margie Garner by reducing her property interest simply because the trustee liquidated the stock without first attempting to comply with section 363(h)(1). If, however, the bankruptcy court decides that partitioning the stock would have been impracticable and that none of the other section 363(h) limitations apply, section 363(j) becomes the relevant statute.