**In re Lindell E. LASHLEY, Debtor.**

**Lindell E. LASHLEY, Plaintiff,**

v.

**Jon FUHRER, Defendant.**

Adv. No. 95–4403–172.
Bankruptcy No. 95–40297–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 19, 1997.

A. Thomas DeWoskin, Trustee, St. Louis, MO.

Joseph S. Rosenthal, St. Peters, MO, for Debtor/Plaintiff.

William F. Whealen, Jr., St. Louis, MO, for Jon Fuhrer.

## MEMORANDUM

JAMES J. BARTA, Chief Judge.

This matter is before the Court on the Adversary Complaint of Lindell E. Lashley ("Debtor") to avoid a prepetition judgment lien held by Jon Fuhrer ("Defendant"). At the conclusion of the trial, the Court announced certain determinations and orders from the bench including that the Defendant's prepetition judgment had been entered against both the Debtor and his non-debtor spouse; and that the real property that is the subject of this proceeding is held by the Debtor and his non-debtor spouse as tenants by the entirety. After a discussion among the parties concerning the interaction between Missouri law and the 1994 Amendments to 11 U.S.C. § 522(f)(2)(A), the Court granted each side additional time to submit memoranda of law.

Approximately nine days after the conclusion of the trial, the Debtor filed an Amendment to his Schedule C—Property Claimed as Exempt, to read as follows:

Home; tenants by entirety property—All.

As part of his post-trial memorandum, the Defendant included a timely objection to the Debtor's amended claim of exemption, contending that the exemption is contrary to Missouri law.

This is a core proceeding pursuant to Section 157(b)(2)(B) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri. These findings and conclusions are the final determination of the Bankruptcy Court. This Memorandum is based on a consideration of the record as a whole.

The facts necessary for this determination are uncontroverted. The Debtor's real property, located in Jefferson County, Missouri, is a one and one-half acre lot improved with a 14' X 55' mobile home. The Debtor lives on the property alone, but holds the property as a tenant by the entirety with his non-debtor spouse. Farmers Bank has a lien of a first deed of trust on the property which secures a debt in the amount of $11,900. Prior to the commencement of this case, the Defendant obtained a judicial lien against the property pursuant to a judgment, not related to the real property, against the Debtor and his non-debtor spouse in the amount of $53,000.

The Debtor's expert witness testified at the Bankruptcy trial that the value of the property is between $15,700 and $16,800, based on the value of comparable property in the area. The Defendant's expert witness presented testimony in support of his opinion that the value of the property was between $28,000 and $33,000. The Debtor had previously expressed his intention to reaffirm the first deed of trust debt with Farmers Bank.

### The Claim of Exemption

A debtor's interest in tenancy by the entirety property enters the bankruptcy estate of a debtor pursuant to Section 541(a)(1), which provides that the bankruptcy estate includes "all legal and equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A debtor is then permitted to exempt certain property from the estate pursuant to Section 522. Unless a party in interest objects, a debtor is allowed to retain such property as exempt from administration by the bankruptcy trustee. 11 U.S.C. § 522(l).

An interest of the debtor in property held as of the commencement of the case as a tenant by the entirety is exempt under bankruptcy law to the extent that it is exempt from process under applicable non-bankruptcy law. 11 U.S.C. § 522(b)(2)(B). The applicable non-bankruptcy law in this case is Missouri property law and Missouri exemption law. In Missouri, entireties property is free from the claims of the creditors of only one of the tenants, but is never immune from the claims of joint creditors. See In re Townsend, 72 B.R. 960, 965 (Bankr. W.D.Mo.1987); Dickey v. Thompson, 323 Mo. 107, 18 S.W.2d 388 (1929). In the case at bar, the Defendant obtained a judicial lien

against the entireties property because he had obtained a judgment against both spouses. Mo.Rev.Stat. §§ 511.350, 511.360 and 511.440 (1994).

■ Under Missouri law, the homestead of every person, not to exceed $8,000, is exempt from attachment and execution. If the property is owned by more than one owner, a single owner can claim the entire amount. Mo.Rev.Stat. § 513.475(1) (1994). Missouri law also allows the debtor to apply a $400 "wild card" exemption to any real or personal property. Mo.Rev.Stat § 513.430(3) (1994). Initially, the Debtor in this matter had claimed a homestead exemption in the property in the amount of $8,000. In the amended Schedules, the Debtor restated the $8,000 exemption claim and added the reference to tenancy by the entirety, claiming the full value of the real estate as exempt. The Debtor has not claimed an exemption under the "wild card" provisions of Missouri law.

■ In support of his objection to the Debtor's Amended Claim of Exemption, the Defendant has argued that because he holds a joint judgment against the Debtor and the Debtor's spouse, the Debtor cannot separately exempt property that is held by the Debtor and his non-debtor spouse as tenants by the entirety. The Defendant's position is tenable in those situations where the creditor holds a judgment against both spouses in the entireties tenancy. However, the argument must fail when only one spouse is a debtor in a bankruptcy case. Under Section 544, the bankruptcy trustee is a hypothetical lien creditor of only one spouse—the debtor. 11 U.S.C. § 544. As to the trustee, a debtor enjoys the ability under bankruptcy law to exempt property held with his non-debtor spouse as tenants by the entirety from administration in the bankruptcy estate. The record here has not suggested any other basis on which the Debtor's exemption of property held as tenants by the entirety should not be allowed. The Defendant's objection to the Debtor's claim of exemption will be overruled.

## Lien Avoidance

■ Pursuant to Section 522(c), and subject to the operation of the automatic stay and any other applicable limitations, property subject to an allowed exemption remains liable for a debt of the debtor that is secured by an otherwise valid lien. 11 U.S.C. § 522(c). Therefore, notwithstanding the Debtor's allowed exemption from administration by the Trustee, his homestead is liable for a joint debt secured by a valid lien that is held by a creditor such as this Defendant.

■ In those instances when a creditor's joint debt is secured by a security interest that is based on a judicial lien, the lien may be avoided to the extent that it impairs a debtor's allowed exemption. The result is that the trustee may not collect the property for distribution because it is exempt, the creditor may not collect its debt by foreclosing on the property because its lien has been avoided, and the debtor may enjoy the full benefit of the Federal exemption as allowed by Congress. These results must occur even though a non-debtor spouse will benefit from the creditor's inability to collect from the entireties' property. Under Missouri entirety law, the spouses each own the whole of the interest. See Nelson v. Hotchkiss, 601 S.W.2d 14 (Mo. en banc 1980). Therefore, avoiding the judicial lien on the Debtor's interest avoids the lien on the whole of the property. However, the non-debtor spouse's liability on the underlying debt to the creditor is not discharged in the debtor's bankruptcy case, and the non-debtor spouse's separate assets are not protected by the debtor's allowed bankruptcy exemptions.

To deny a debtor's ability to avoid a judicial lien on property held as tenants by the entirety, is to deny a Missouri debtor full access to Section 522(f)(1)(A), in situations that would not deny such access to other debtors. Any different application of the law will require a change by the Federal Congress or the State Legislature.

■ In the circumstances presented here and subject to the provisions of the automatic stay, the Defendant would be permitted to enforce its lien against the homestead property unless the lien is avoided or set aside.

The lien may be avoided or set aside if the Debtor is permitted to exercise the powers granted under Section 522(f), to the extent that the lien impairs the Debtor's exemption. A lien shall be considered to impair an exemption to the extent that the sum of the judicial lien, all other liens on the property and the amount of the exemption that the Debtor could claim if there were no liens on the property, exceeds the value that the Debtor's interest in the property would have in the absence of any liens.

As noted above, the Debtor's interest in tenancy by the entirety property is the whole interest in the property. Therefore, the value of the Debtor's interest in the property is equal to the amount of the exemption that the Debtor could claim if there were no liens on the property. Consequently, it is not necessary to determine the value of the real property when only one spouse is a debtor, because the sum of liens and exemption amount referred to in Section 522(f)(2)(A) will always be greater than the value of the Debtor's interest in the property by at least the amount of the judgment lien.

The Debtor's amended claim of exemption as to the improved real property described in this matter will be allowed; and the entire amount of the Defendant's judicial lien has been determined to impair the Debtor's allowed exemption. By a separate Order, the Defendant's judicial lien will be set aside.