# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2201

_____

| | | |
|---|---|---|
| In re: Gerard Robert Van Der Heide, | * | |
| | * | |
| Debtor. | * | |
| -------------------------------------- | * | |
| | * | |
| Gerard Robert Van Der Heide, | * | Appeal from the United States |
| | * | Bankruptcy Appellate Panel. |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| John V. LaBarge, Jr., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  December 16, 1998

Filed:  January 22, 1999

_____

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.

_____

HEANEY, Circuit Judge.

The bankruptcy court denied confirmation of Gerard Robert Van Der Heide's Chapter 13 plan on the grounds that it did not satisfy the "best interests of creditors" test and the bankruptcy appellate panel affirmed.  Because both the bankruptcy court

and appellate panel misconstrued our holding in <u>Garner v. Strauss</u> (<u>In re Garner</u>), 952 F.2d 232 (8th Cir. 1991), we reverse and remand.

## I.

On January 7, 1997, Van Der Heide filed his Chapter 13 petition. At the time of filing, general unsecured creditors claimed that Van Der Heide and his nonfiling wife owed approximately $23,180. In his plan, Van Der Heide proposed to pay the creditors $2,858. The trustee objected to confirmation of the plan, claiming that it did not satisfy the "best interests of creditors" test under 11 U.S.C. § 1325(a)(4).

Van Der Heide and his wife own a residence as tenants by the entirety in Missouri. The parties agreed that after deducting transactional costs, the property would yield $24,495 in a hypothetical Chapter 7 liquidation, but they did not agree how those proceeds should be distributed. Van Der Heide contended that only one-half of the proceeds ($12,247.50) would be subject to the bankruptcy estate because his wife has an indivisible interest under Missouri law. Of this amount, Van Der Heide claimed that he was entitled to deduct $9,900 in exemptions, leaving $2,347.50 for the creditors. Because his plan ($2,858) exceeded the value of the entireties property available to the creditors ($2,347.50), Van Der Heide argued that he had satisfied the "best interests of creditors" test under 11 U.S.C. § 1325(a)(4).

The trustee, on the other hand, argued that the entire $24,495 was subject to the bankruptcy estate, subject only to the $9,900 in exemptions, leaving $14,595 to be distributed among the creditors. The bankruptcy court adopted this view, denied confirmation of Van Der Heide's plan, and directed Van Der Heide to file an amended plan meeting the trustee's objections within twenty days or face dismissal. Because Van Der Heide failed to submit an amended plan, the bankruptcy court dismissed his case. The appellate panel affirmed. We reverse.

## II.

A court shall confirm a Chapter 13 plan if "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 . . . ." 11 U.S.C. § 1325(a)(4). In evaluating whether the bankruptcy court properly denied confirmation of Van Der Heide's plan, we must determine the proper disposition of the proceeds from the hypothetical sale of the Van Der Heide residence. Contrary to the views expressed by both the bankruptcy court and appellate panel, we conclude that the rule announced in Garner dictates that only one-half of the hypothetical sale proceeds, less exemptions, are subject to the bankruptcy estate.

An interest of the debtor in property held as a tenant by the entirety at the commencement of the case is exempt under bankruptcy law to the extent that it is exempt from process under applicable nonbankruptcy law. See 11 U.S.C. § 522(b)(2)(B). The applicable nonbankruptcy law in this case is Missouri property and exemption law. In Missouri, entireties property is not subject to the claims of the creditors of only one of the tenants, but is subject to such claims by creditors of joint debtors. See Garner, 952 F.2d at 234-35. Missouri's homestead exemption law provides that the homestead of every person, not to exceed $8,000, is exempt from attachment and execution. See Mo. Rev. Stat. § 513.475(1) (1994). If the property is owned by more than one owner, a single owner can claim the entire amount. See id.

Because a residence is incapable of partition and because Van Der Heide's wife is jointly responsible for the debt, the trustee may liquidate the residence. See Garner, 952 F.2d at 234; 11 U.S.C. § 363(h); see also Sumy v. Schlossberg (In re Sumy), 777 F.2d 921, 932 (4th Cir. 1985) ("[T]o the extent the debtor and the nonfiling spouse are indebted jointly, property owned as a tenant by the entireties may not be exempted from an individual debtor's bankruptcy estate . . . ."). In the event of such a sale, the

trustee would distribute the net proceeds to the estate and Van Der Heide's wife according to their respective interests. See 11 U.S.C. § 363(j). Our decision in Garner defines those rights.

In Garner, like this case, both husband and wife owned property as tenants by the entirety and, while both husband and wife were joint debtors, only the husband had declared bankruptcy. See 952 F.2d at 233. Balancing the notion that the bankruptcy estate is composed of all legal and equitable interests of the debtor in property at the time of the petition, see 11 U.S.C. S 541(a)(1), and the fact that under Missouri law tenants by the entirety own indivisible interests in entireties property, see Ronollo v. Jacobs, 775 S.W.2d 121, 123 (Mo. 1989) (en banc), we ordered that one-half of the entireties property be returned to the wife, reasoning that doing so did not insulate her from whatever recourse her creditors might have against her. This resolution was consistent with the legislative history of § 541:

> The bill also changes the rules with respect to marital interests in property . . . . With respect to other co-ownership interest(s), such as tenancies by the entirety, . . . the bill does not invalidate the rights, but provides a method by which the estate may realize on the value of the debtor's interest in the property while protecting the [co-tenant's] rights.

H.R. Rep. No. 95-595 at 177 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6137. Accordingly, the result in Garner was an equitable rule that preserves the balance of the breadth of federal bankruptcy and state property law.

In its opinion below, the bankruptcy appellate panel determined that, because Van Der Heide owned an indivisible interest in the residence and because it was subject to the bankruptcy estate, all of the sale proceeds are subject to the bankruptcy estate. See Van Der Heide v. LaBarge (In re Van Der Heide), 219 B.R. 830, 833 (B.A.P. 8th Cir 1998). In reaching this conclusion, the panel misconstrued as dicta our

order in <u>Garner</u> requiring the trustee to distribute one-half of the sale proceeds of the entireties property to the nonfiling wife.  <u>See</u> <u>id.</u> at 833-34.  In attempting to distinguish this case, the panel stated that:

> The <u>Garner</u> court was not called upon to determine the respective interests of tenants by the entirety, but to decide whether entireties property becomes property of the estate when only one spouse files for bankruptcy.  We also note that the court itself remarked that its ruling "leaves open the question of the trustee's disposition of the stock."

<u>Id.</u> at 834.  We disagree.

In <u>Garner</u>, we first determined that entireties property is subject to the bankruptcy estate when only one spouse filed; and, on the basis of this determination, we identified the respective interests of tenants by the entirety.  This is made clear by our conclusion as to the appropriate disposition of the sale proceeds of the entireties property.  The appellate panel's assertion to the contrary is untenable.  As stated above, the <u>Garner</u> rule establishes a balance between the notion that the bankruptcy estate is composed of all legal and equitable interests of the debtor and the fact that tenants by the entirety own indivisible interests in entireties property.

The panel's misunderstanding may be a result of our statement in <u>Garner</u> "leav[ing] open the question of the trustee's disposition of the stock."  952 F.2d at 235.  In <u>Garner</u>, husband and wife owned stock as tenants by the entirety.  <u>See</u> 952 F.2d at 233.  Prior to filing for bankruptcy, the stock had been liquidated, making partition impossible.  <u>See</u> <u>id.</u> at 236.  In determining that the trustee's intent was to liquidate the stock, we applied the provisions of 11 U.S.C. § 363 and ordered that one-half of the sale proceeds be returned to Margie Garner.  <u>See</u> <u>id.</u> at 236.  As the above discussion shows, the question left open was whether the trustee had to liquidate the stock, not the relative property interests of the parties involved.  Because the bankruptcy court and

appellate panel misconstrued our holding in Garner, we reverse.  This does not end our analysis, however.

The United States Supreme Court has held that  "[p]roperty interests are created and defined by state law.  Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."  United States v. Butner, 440 U.S. 48, 55 (1979).  Van Der Heide claims $9,900 in state exemptions, $8,000 of which represents the full homestead exemption allowed under Missouri law.  In Missouri, a co-tenant by the entirety is authorized to claim the full homestead exemption.  See Mo. Rev. Stat. § 513.475(1) (1994); Lashley v. Fuhrer (In re Lashley), 206 B.R. 950, 953 (Bankr. E.D. Mo. March 19, 1997).

In balancing the breadth of bankruptcy estates with the respect for state property law, Garner created a shield to protect a nonfiling spouse's interest in entireties property from joint creditors.  In this case, Gerard Van Der Heide is attempting to use Garner as a sword.  Under a straightforward application of Garner, the bankruptcy court should confirm Van Der Heide's Chapter 13 plan because it offers the creditors more than they would receive under the hypothetical Chapter 7 liquidation.  Here, however, Garner analysis leads to an impermissible result.

In this case, rather than an equitable distribution of an already liquidated asset, we have a hypothetical sale of entireties property that is not subject to partition.  If we were to apply Garner to the facts of this case, after exemptions, Van Der Heide would be able to discharge his share of the $23,180 joint debt by paying $2,858.  We noted in Garner that, once the husband was discharged, the creditors could then proceed against his wife.  See 952 F.2d at 236.  Similarly, once Van Der Heide is discharged, the creditors may proceed against his wife.  Assuming the residence to be the only asset

-6-

in this case,[1] however, Van Der Heide and his wife would no longer be joint debtors. The creditors could then pursue an action against Van Der Heide's wife but could not reach the residence because, under state law, creditors cannot reach entireties property when the spouses are not joint debtors. A similar result would occur in the event Van Der Heide's wife files for bankruptcy.[2]

There can be no doubt as to the federal interest in preventing debtors from exploiting this tension between bankruptcy and state property law. Accordingly, we hold that, if Van Der Heide invokes Garner in determining whether the bankruptcy court should confirm his Chapter 13 plan, he is only entitled to claim one-half of the total homestead exemption authorized under state law. The result we reach today provides $4,000 for creditors that they would not have otherwise received under a blind application of Garner.

## III.

For the foregoing reasons, we reverse and remand this case for further proceedings consistent with this opinion.

---

[1]Nothing in the record indicates that any other assets are subject to the bankruptcy estate.

[2]Were Van Der Heide's wife to file for bankruptcy, Garner might be inapplicable given that only one of the co-tenants by the entirety would then be responsible for the remaining debt. The court might avoid this result, for example, by attempting to invoke 11 U.S.C. § 105(a) in an effort to incorporate the residence into the bankruptcy estate. Another possibility is that a subsequent filing by Van Der Heide's wife would run afoul of the good faith provisions of 11 U.S.C. § 1325(a)(3). Because this line of speculation is beyond the record and scope of this case, we do not express an opinion about subsequent filings. We only point out some potential anomalies of allowing Van Der Heide to use Garner as a sword.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.