**In re Donald Leroy RENTFRO, Debtor.**

**Bankruptcy No. 99–20169.**

United States Bankruptcy Court,
W.D. Missouri.

May 26, 1999.

John Lewis, Jr., for trustee.

George T. Johnson, Kansas City, MO, trustee.

Lewis Z. Bridges, Lake Ozark, MO, for debtor.

## ORDER

FRANK W. KOGER, Chief Judge.

Donald Leroy Rentfro filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on February 8, 1999. Debtor is married, but he filed his Petition individually and so his wife is not a debtor in bankruptcy. On March 26, 1999, the Trustee filed an Objection to the Debtor's Claimed Exemption based on the debtor's attempt to exempt a large amount of equity in property he holds as tenants by the entirety with his non-debtor wife. Hearing on the objection was held May 11, 1999, neither side sought briefing time and the following Order is entered.

In his Schedules, Debtor lists his residence as having a value of $86,000 and a joint mortgage of $18,545.28. He seeks to exempt as entireties property the entire $67,454.72 in equity in the house. In addition, the debtor lists exemptions for three vehicles as entireties property: a $1,000 exemption in a 1978 LTD which he values at $1,000; a $2,000 exemption in a 1985 Dodge Van which he values at $2,000; and a $1,000 exemption in a 743B Diesel Bobcat valued at $8,000. In other words, he asserts $4,000 in exemptions in vehicles as entireties property.

The debtor lists only two joint debts in his schedules: an unsecured nonpriority debt to Mercantile Bank on a credit card in the amount of $5,754.86; and the $18,-545.28 mortgage on the residence. The remainder of the debts, including some $35,000 in general unsecured debts (which are mostly credit card debts), are apparently the debtor's individual debts.

Finally, in Schedules I and J, Debtor lists $850.00 per month in social security benefits as his sole income, and indicates that his wife grosses $450.00 per month in social security and $275.00 gross income per month which she earns as a baker, for a total monthly household income $1,575.00. Debtor lists $1,503.00 in household expenses, including $300.00 per

month in expenses relating to the wife's business as a baker.

The Trustee objected to the debtor's claimed exemptions, asserting that the entireties assets should be retained and administered by the Trustee as part of the estate. The Trustee seeks to use the entireties assets to pay the joint creditor in full through the estate. However, at the hearing on the Trustee's Objection, the Court was informed that the debtor and his wife have reaffirmed the joint debt.[1] As such, the debtor seeks to exempt all of his entireties property, discharge his individual unsecured debt, and pay the joint debt outside of bankruptcy. The Trustee, on the other hand, wishes to retain and administer at least a portion of the entireties assets and use the proceeds to pay the joint creditor through the estate. The Trustee points out that the Debtor could later rescind the reaffirmation agreement with the joint creditor under § 524(c) and then it would be too late for the Trustee to bring in the entireties property for purposes of paying the joint creditor. Finally, the Trustee seeks clarification on the claimed exemptions in the vehicles.

In 1991, the Eighth Circuit Court of Appeals first addressed the treatment of Missouri entireties property when one spouse files bankruptcy in *Garner v. Strauss (In re Garner)*, 952 F.2d 232 (8th Cir.1991). The Eighth Circuit revisited the issue very recently in *Van Der Heide v. Labarge (In re Van Der Heide)*, 164 F.3d 1183 (8th Cir.1999). Following *Van Der Heide*, when only one of the entireties tenants files bankruptcy, their entireties property is treated in Missouri as follows:

■ Under 11 U.S.C. § 522(b)(2)(B), an interest of the debtor in property held as a tenant by the entirety at the commencement of the case is exempt under bankruptcy law to the extent that it is exempt from process under applicable non-bankruptcy law. *Van Der Heide*, 164 F.3d

at 1184. In Missouri, a debtor's interest in entireties property is not subject to the claims of creditors of only one of the tenants, but is subject to the claims of joint creditors. *See Garner v. Strauss*, 952 F.2d at 235; *In re Van Der Heide*, 164 F.3d at 1184. Thus, if only one of the tenants files bankruptcy, the entireties property may be used to satisfy only the claims on which the non-filing spouse is jointly liable. *Id.; see also In re Smith*, 200 B.R. 213, 216 (Bankr.E.D.Mo.1996) ("[l]iteral application of this Missouri non-bankruptcy law under § 522(b)(2)(B) exempts from a Chapter 7 trustee's administration the non-exempt entirety equity in Debtors' principle residence from their bankruptcy estates to the extent only one spouse is liable on a debt").

■ If there are joint debts and the entireties asset is incapable of partition, the trustee may liquidate the entireties property, and in such a case, the trustee would distribute the net proceeds to the estate and the non-debtor spouse according to their respective interests. *In re Van Der Heide*, 164 F.3d at 1184–85; 11 U.S.C. § 363(j). Recognizing what it perceived to be an impermissible result in following *Garner*, the Court in *Van Der Heide* announced that despite Missouri law which plainly provides that each tenant-spouse may claim the entire $8,000 exemption amount, *see* Mo.Rev.Stat. § 513.475.1 (1994), bankruptcy courts are to treat an entireties tenant who files bankruptcy individually as being entitled to claim only one-half of the total homestead exemption authorized under state law. *Id.* at 1186.

■ In the case at bar, there is only one joint debt other than the mortgage on the residence and the debtor's share of the equity in the entireties property is more than enough to satisfy that claim. Because the entire joint debt could be satisfied out of the debtor's respective interest,

---

1. Although the parties indicated to the Court at the hearing on May 11 that they had executed the reaffirmation agreement on the previous day, it has not yet been filed with the Court as required by § 524(c)(3).

under normal circumstances, the Trustee in this case would be permitted to sell at least some of the entireties property and use the proceeds therefrom to satisfy that joint debt in full. Any equity above the amount necessary to satisfy the joint debt would be exempt. *See In re Smith,* 200 B.R. at 216 (after payment of joint debts, entirety equity is returned to each owner as an entirety interest and not as an interest in common).

■ However, as mentioned above, the debtor has indicated that he and his wife are reaffirming that joint debt. This means that rather than being administered by the Trustee, the debt is to be paid, pursuant to a new binding agreement, outside of bankruptcy. The Trustee requests that he be permitted to administer the claim through the estate rather than permitting it to be paid outside of bankruptcy via the reaffirmation agreement, but he cites no authority, and this Court found none, permitting the Trustee to administer a reaffirmed debt through the estate.

The only possibility this Court perceives which would permit the Trustee to administer this joint claim would be for the Court to disapprove the reaffirmation agreement as being violative of 11 U.S.C. § 524(c). However, while the reaffirmation agreement has not yet been presented to the Court, the Court notes that the debtor is represented by counsel and will presume, at least for the time being, that the reaffirmation agreement will comply with the requirements outlined in 11 U.S.C. § 524.

It occurred to the Court that there may be issues as to whether the reaffirmation of this debt will create an undue hardship on the debtor and as to whether it is in the debtor's best interest as required by 11 U.S.C. § 524(c) because the debtor's schedules indicate he and his wife have only $75.00 in disposable household income. However, the reaffirmation agreement pertaining to this joint debt has the effect of renewing or recreating, so to speak, a joint debt: the debtor is creating a new obligation on which he will be jointly liable with his wife. As a result, if the debtor and his wife default on the reaffirmation agreement post-discharge, or even if the wife later files bankruptcy, this creditor will be able to pursue the entireties property outside of this bankruptcy because it will still be a joint debt. Thus, this joint creditor will be in the same position after this bankruptcy as it was before it. Furthermore, because this case is a Chapter 7 case, the debtor's intent to pay the debt from his and his wife's postbankruptcy income has no detrimental effect on other creditors.

Consequently, the Trustee's objection to the claimed exemption in the homestead is denied at this time. However, as the Trustee pointed out, the debtor has the right under § 524 to rescind the reaffirmation agreement until sixty days after the agreement is entered or until discharge, whichever is later. *See* 11 U.S.C. § 523(c)(2) and (c)(4). If the debtor were to rescind the reaffirmation agreement after the case was closed (but within the sixty days after entering the reaffirmation agreement), difficulties would be created in terms of how that joint creditor would be treated.

As a result, the case shall remain open until sixty days after the date the reaffirmation agreement is filed or until discharge is entered, whichever is later. If the debtor rescinds the reaffirmation agreement with the joint creditor within the time permitted, the Trustee may renew his objection to the exemption in entireties property, and same will be granted.

Finally, the Trustee requests clarification as to the claimed exemption in the three vehicles described above because it is unclear whether the debtor is claiming the vehicles as exempt under Mo.Rev.Stat. § 513.430(5) which permits a single $1,000 exemption, or exempt as entireties property. Because no clarification was provided at the hearing on the Trustee's Objections

to the exemptions, the debtor is ordered to provide the Trustee with clarification on the claimed exemption in the vehicles.

*Conclusion*

For the foregoing reasons, the Trustee's objection to the homestead exemption is DENIED at this time. The bankruptcy case is to be held open until 60 days after the date the reaffirmation agreement between the debtor and Mercantile Bank on the debt owed jointly with the debtor's wife is filed, or until discharge is entered, whichever is later. If the debtor rescinds the reaffirmation agreement with Mercantile Bank within the time permitted under 11 U.S.C. § 524, the Trustee may renew his objection to the exemptions at that time. Finally, Debtor is ordered to provide clarification within ten days from the date of this Order as requested by the Trustee regarding the claimed exemptions in the 1978 LTD, the 1985 Dodge Van, and the 743B Diesel Bobcat.