# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1889

_____

| | | |
|---|---|---|
| In re: Josephine L. Abernathy, | * | |
| | * | |
| Debtor, | * | |
| -------------------------------- | * | |
| | * | |
| Josephine L. Abernathy, | * | Appeal from the United States |
| | * | Bankruptcy Appellate Panel. |
| Appellee, | * | |
| | * | [UNPUBLISHED] |
| v. | * | |
| | * | |
| John V. LaBarge, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 14, 2001

Filed:  September 20, 2001

_____

Before MURPHY and FAGG, Circuit Judges, and LONGSTAFF,* District Judge.

_____

PER CURIAM.

Josephine L. Abernathy and her two sisters own a house in Missouri as joint tenants.   Missouri law provides an exemption from attachment and execution for the

---

*The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa, sitting by designation.

homestead of every person up to $8000. Mo. Rev. Stat. § 513.475.1 (2000); Van Der Heide v. LaBarge (In re Van Der Heide), 164 F.3d 1183, 1184 (8th Cir. 1999). "If the property is owned by more than one owner, a single owner can claim the entire amount," but if more than one owner claims an exemption, the total exemption cannot exceed $8000. Van Der Heide, 164 F.3d at 1184; Mo. Rev. Stat. § 513.475.1. Abernathy filed a chapter 7 bankruptcy petition and sought the full $8000 exemption. The Trustee, John V. LaBarge, Jr., objected and the bankruptcy court allowed Abernathy only one-third of the homestead exemption. Abernathy appealed and the bankruptcy appellate panel (BAP) reversed, allowing Abernathy to exempt the entire $8000. The BAP held that because neither of the joint tenants claimed an exemption in the residence, the plain language of the Missouri exemption statute permits Abernathy to claim an $8000 exemption in her share of that property. See Van Der Heide, 164 F.3d at 1184, 1186. The Trustee appeals, challenging the BAP's application of Van Der Heide. Having reviewed the issue de novo, Handeen v. LeMaire (In re Le Maire), 898 F.2d 1346, 1349 (8th Cir. 1990), we agree with the BAP's decision. Because we have nothing to add to the BAP's thorough analysis, we affirm on the basis of the BAP's ruling. See 8th Cir. R. 47B.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-