**In re David A. EADS, Debtor.**

**Patricia A. Brown, Trustee, Plaintiff,**

v.

**Tina L. Eads, Defendant.**

**Bankruptcy No. 01–30506–JWV.**
**Adversary No. 01–3020.**

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

Jan. 4, 2002.

17.  **Black's Law Dictionary** 173 (Bryan Garner ed., 1996).

18.  *Montgomery,* 236 B.R. at 922.

J. Kevin Checkett, Carthage, MO, for plaintiff.

Norman E. Rouse, Joplin, MO, for defendant.

### MEMORANDUM OPINION AND ORDER

JERRY W. VENTERS, Bankruptcy Judge.

This Adversary Proceeding presents the question of the proper division of the proceeds from the sale of a residential property owned by the Debtor and his non-debtor spouse as tenants by the entirety.

1. Title 11, United States Code.

The Trustee, Patricia A. Brown, filed this Adversary Proceeding to compel the sale of the residential property, including the interest of Tina Louise Eads, the non-bankrupt spouse. At a hearing on October 25, 2001, the parties agreed that the Trustee could proceed with the sale of the property pursuant to 11 U.S.C. § 363(h) because partition of the property is impracticable. The parties, by counsel, also stipulated to the facts and filed trial briefs, the last of which was received on November 30, 2001. The Court has reviewed the pleadings and the trial briefs, has conducted its own independent research, and is now ready to rule.

For the reasons set out below, the Court finds that, under controlling Eighth Circuit law and the provisions of 11 U.S.C. § 363(j), the net proceeds from the sale of the real estate, after payment of the transactional costs and the mortgage debts, must be divided equally between the spouses and that the Debtor's one-half share of those proceeds must be applied by the Trustee to payment of the parties' joint debts only.

This Memorandum Opinion and Order constitutes the Court's Findings of Fact and Conclusions of Law as required by Federal Rule of Bankruptcy Procedure 7052. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (E), and the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

### FACTUAL BACKGROUND

The parties have stipulated to the facts and they can be briefly stated. The Debtor, David A. Eads ("Debtor" or "David"), filed his petition under Chapter 7 of the Bankruptcy Code[1] on May 16, 2001. At the time of the filing, David was married

to Tina Louise Eads ("Tina"), but Tina did not join in the bankruptcy filing. Also at the time of filing, David and Tina were the owners, as tenants by the entireties, of a residential property located at 1837 Hickory Hills Drive in Joplin, Missouri, which has a value of between $130,000.00 and $139,000.00 and which is encumbered by a mortgage debt to Great Southern Bank in the amount of $39,836.10 and a second lien of $6,204.21 in favor of Firstar Bank, according to the Debtor's schedules. There is, therefore, between $84,000.00 and $93,000.00 of equity in the property. Both David and Tina are liable on both mortgage debts. In addition to the mortgage debts, David and Tina have a number of joint debts, such as credit card debts and a deficiency balance on a repossessed vehicle, but because claims have not yet been filed in David's Chapter 7 proceeding, the exact amount of those claims is unknown. The parties' attorneys have estimated that the joint debts (excluding the mortgages) are less than $40,000.00.[2] David also has some separate, individual debt, the exact amount of which is still uncertain.

Since the bankruptcy filing, David and Tina have started dissolution of marriage proceedings, although relief from the automatic stay has not yet been obtained from this Court to authorize those proceedings. The Court has not been advised of the status of the divorce proceedings, but will assume that they are presently pending in an appropriate state court.[3]

David has not claimed a Missouri homestead exemption in the property because he no longer lives in the property. Tina has continued to reside in the residence since David filed his bankruptcy petition, and Tina has been paying the mortgage payments and the other costs of occupancy.

## DISCUSSION

■ As earlier stated, the issue before the Court is the proper division of the proceeds of the sale of the residential property owned by the Debtor and his non-debtor spouse as tenants by the entirety.

The Trustee argues that the net proceeds from sale of the property should first be paid into David's bankruptcy estate and that all of the joint debts of the parties should be paid from those proceeds, and then any remaining funds should be divided equally between the Debtor and Tina. The Trustee asserts that "for the court to allow Mrs. Eads to shift all of her liabilities to her husband and his estate, no matter how acrimonious the divorce, is not in keeping with Missouri law. It is without question that when one joint obligor pays more than 50% of a debt, he is entitled to contribution from the other party...Mrs. Eads' proposal would guaranty (sic) new litigation between these parties for recoupment and the endless protraction of one lawsuit after another." (Pl.'s Tr. Br. at 3)

Conversely, Tina argues that after the entireties property is sold, one-half of the net proceeds should be paid to the non-filing spouse (i.e., Tina) and the other half should go to the Debtor's bankruptcy estate for the purpose of paying David and Tina's joint debts. If there are funds remaining after payment of all of the joint

---

2. Contrary to the attorneys' representations, David's bankruptcy schedules list $9,743.00 in joint, unsecured priority claims on Schedule E and $818,791.66 in joint, general unsecured debts on Schedule F.

3. The Court also trusts that the parties, or one of them, will file a motion seeking appropriate relief from the automatic stay, unless the parties have agreed to voluntarily stay those proceedings until the conclusion of David's bankruptcy proceedings.

debts, she argues, the remaining funds should be returned to each owner as an entirety interest and not as an interest in common. (Def.'s Tr. Br. at 6) Counsel for Tina asserts that the issue here has been "squarely decided" by the Eighth Circuit Court of Appeals in *Van Der Heide v. LaBarge (In re Van Der Heide)*, 164 F.3d 1183 (8th Cir.1999)(hereinafter *"Van Der Heide"*).

Although it would appear, as argued by the Trustee, that the ruling sought by Tina might very well spawn additional litigation, the Court must nonetheless agree with Tina that the net proceeds must be divided one-half to Tina and one-half to David's bankruptcy estate, and that the joint debts must be paid out of the bankruptcy estate's portion of the funds. This result is dictated by the provisions of 11 U.S.C. § 363(h) and (j) and by the Court of Appeals' holdings in *Van Der Heide* and its predecessor case on this issue, *Garner v. Strauss (In re Garner)*, 952 F.2d 232 (8th Cir.1991)(hereinafter *"Garner"*). However, the Court does not agree with Tina that, if there are any entireties funds remaining after payment of the joint debts by the Trustee, those funds are to be returned to David and Tina as tenants by the entireties; rather, any such remaining funds should be paid over to David as exempt entireties funds pursuant to 11 U.S.C. § 522(b)(2)(B).[4]

■ There has been no dispute that the Hickory Hills property, though it is tenants by the entireties property, is included in the property of David's bankruptcy estate. Under 11 U.S.C. § 541(a)(1), the bankruptcy estate includes "all legal or equitable interests of the debtor in proper-

ty as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Eighth Circuit Court of Appeals has recognized that the "legislative history of this section clearly establishes Congressional intent that the bankruptcy estate be as all-encompassing as the language indicates." *In re Graham*, 726 F.2d 1268, 1270 (8th Cir.1984). Section 541(a)(1) "is certainly broad enough to include an individual debtor's interest in property held as a tenant by the entirety." *Napotnik v. Equibank & Parkvale Sav. Ass'n.*, 679 F.2d 316, 318 (3rd Cir.1982). "[I]t is now established law that [section 541(a)(1)] brings entireties property into the bankruptcy estate." *In re Grosslight*, 757 F.2d 773, 775 (6th Cir.1985).

■ Once having come into the bankruptcy estate, however, the entireties property may nevertheless be exempted from property of the estate, if permitted by non-bankruptcy state law. Section 522(b)(2)(B) provides that a debtor may exempt from property of the estate:

> [A]ny interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law.

11 U.S.C. § 522(b)(2)(B).

Missouri's non-bankruptcy law allows a debtor filing bankruptcy to exempt from property of the bankruptcy estate "any property that is exempt from attachment and execution under the law of the state of Missouri..."Mo. Rev. Stat. § 513.427. Missouri's non-bankruptcy law clearly exempts from attachment and execution en-

---

**4.** A review of the Debtor's Schedule C—Property Claimed as Exempt reveals that David has *not* claimed the residential property as exempt pursuant to 11 U.S.C. § 522(b)(2)(B). The Debtor must claim the exemption in or-

der to be entitled to the remaining funds. If he fails to do so, the Trustee may apply any amounts remaining after payment of the parties' joint debts to the payment of David's separate, individual debts.

tireties property where only one of the entirety interest holders is indebted. *Garner*, 952 F.2d at 235, fn. 1, citing *Otto F. Stifel's Union Brewing Co. v. Saxy*, 273 Mo. 159, 201 S.W. 67, 71 (1918). If a creditor is to reach tenancy by the entireties property in Missouri, the spouses must have jointly acted to burden the property. *Garner*, 952 F.2d at 235.

In *Garner*, the Eighth Circuit held that certain stock owned by the husband and wife as tenants by the entireties could not be exempted from the husband's bankruptcy estate because the husband and wife had joint debts and the stock would be subject to attachment and execution to satisfy those joint debts. The question then became how to appropriately distribute the stock. The Court noted that § 363(h)(1) of the Code permits the sale of both the bankrupt estate's interest and the interest of any co-owner in tenancy by the entireties property when, as in this case, partition in kind of the entireties property is impracticable. 11 U.S.C. § 363(h)(1).

However, because the stock had already been liquidated in the *Garner* case, it could not be partitioned in accordance with § 363(h). Accordingly, "in order to comply with the intent of the Code," the Eighth Circuit ordered that one-half of the cash received for the stock be returned to Margie Garner, the non-bankrupt spouse. "Returning one-half of the proceeds from the sale of the stock shares to Margie Garner does not insulate her from creditors pursuing whatever actions they possess against her." *Garner*, 952 F.2d at 236.

It would be fair to say that the Eighth Circuit's decision in *Garner* has generated much debate and discussion in the bankruptcy bar and bench in Missouri, particularly as to how or in what order to distribute the proceeds from the sale of entireties property. Fortunately, the Court of Appeals had an opportunity to revisit the issue in *Van Der Heide*, and it seized that opportunity to explain and clarify its earlier ruling.

*Van Der Heide* was a Chapter 13 case in which the Court had to determine whether the plan proposed by the debtor-husband satisfied the "best interests of creditors" test of 11 U.S.C. § 1325(a)(4). The answer to that question turned on the disposition of the proceeds from the hypothetical sale of the Van Der Heides' residence property, which Gerard Robert Van Der Heide owned as a tenant by the entirety with his non-bankrupt spouse.

Because a residence cannot be partitioned and because Van Der Heide's wife was jointly responsible for the mortgage debt, the trustee could liquidate the residence on the basis of § 363(h), the Court noted. "In the event of such a sale, the trustee would distribute the net proceeds to the estate and Van Der Heide's wife according to their respective interests. *See* 11 U.S.C. § 363(j). Our decision in *Garner* defines those rights." *Van Der Heide*, 164 F.3d at 1184–85. The Court then continued:

"In *Garner*, like this case, both husband and wife owned property as tenants by the entirety and, while both husband and wife were joint debtors, only the husband had declared bankruptcy. *See* 952 F.2d at 233. Balancing the notion that the bankruptcy estate is composed of all legal and equitable interests of the debtor in property at the time of the petition, *see* 11 U.S.C. § 541(a)(1), and the fact that under Missouri law tenants by the entirety own indivisible interests in entireties property, *see Ronollo v. Jacobs*, 775 S.W.2d 121, 123 (Mo.1989) (en banc), we ordered that one-half of the entireties property be returned to the wife, reasoning that doing so did not insulate her from whatever recourse her

creditors might have against her. This resolution was consistent with the legislative history of § 541:

> The bill also changes the rules with respect to marital interests in property.... With respect to other co-ownership interest(s), such as tenancies by the entirety, ... the bill does not invalidate the rights, but provides a method by which the estate may realize on the value of the debtor's interest in the property while protecting the [co-tenant's] rights.

H.R.Rep. No. 95–595 at 177 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6137. Accordingly, the result in *Garner* was an equitable rule that preserves the balance of the breadth of federal bankruptcy and state property law.

\*      \*      \*      \*      \*      \*

In *Garner*, we first determined that entireties property is subject to the bankruptcy estate when only one spouse filed; and, on the basis of this determination, we identified the respective interests of tenants by the entirety. This is made clear by our conclusion as to the appropriate disposition of the sale proceeds of the entireties property. The appellate panel's assertion to the contrary is untenable. As stated above, the *Garner* rule establishes a balance between the notion that the bankruptcy estate is composed of all legal and equitable interests of the debtor and the fact that tenants by the entirety own indivisible interests in entireties property."

*Van Der Heide*, 164 F.3d at 1185.

As noted by the *Van Der Heide* Court, the equal distribution of funds is further dictated by 11 U.S.C. § 363(j), which provides:

> After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

11 U.S.C. § 363(j).

This statutory provision makes it abundantly clear that Tina Eads is entitled to receive, as tenants by the entireties property, one-half of the net proceeds from the sale of the residential property, without deduction for any of the joint debts of the parties other than the mortgage debts and other encumbrances (if any) on the property.

■ Based on the foregoing discussion, this Court is convinced that the net proceeds of the sale of the Eadses' Hickory Hill residential property, after payment of the closing costs and the mortgage debts and any other encumbrances thereon, must be divided equally between David's bankruptcy estate and Tina, *before* payment by the Trustee of the parties' joint debts. This distribution will equitably protect Tina Eads' interest in the residential property, as required by *Garner*. *See also In re Rentfro*, 234 B.R. 97, 99 (Bankr. W.D.Mo.1999). And because, under Missouri law, a creditor can only reach tenancy by the entireties property if both spouses have acted to burden the property, the proceeds from the sale of the residence are exempt from the claims of any individual creditors, that is, creditors that have a claim only against David or only against Tina. *See In re Brown*, 234 B.R. 907, 913 (Bankr.W.D.Mo.1999).

■ If there are funds remaining after the Trustee has paid the joint debts of David and Tina, the remaining funds should be returned to David as his tenants by the entireties funds, free from the

claims of his individual creditors, if he amends his schedules to exempt the property pursuant to § 522(b)(2)(B). *Id.* If he fails to do so, the Trustee may apply any amounts remaining after payment of the parties' joint debts to the payment of David's separate, individual debts.

The Court recognizes that its ruling may very likely not put an end to the litigation between David and Tina. It is quite possible that the state divorce court will be called upon to make a division of the marital property that takes into account the fact that David has been required to pay a disproportionate share of the joint marital debts. Or David may bring suit against Tina for equitable contribution to recoup the amounts over 50% that he has paid on the joint debts.[5] *See Wood v. Wood,* 2 S.W.3d 134 (Mo.Ct.App.1999). Since this right to contribution will have arisen post-petition, it is not property of the bankruptcy estate and there would be nothing to prohibit David from pursuing such an action, including possibly seeking attachment of the funds paid to Tina by the Trustee to prevent their dissipation pending a final ruling on the contribution action. Alternatively, the best solution—and the way to put a stop to the "endless protraction" of litigation and continuing legal fees—would be for Tina and her counsel to acknowledge Tina's responsibility for her share of the joint debt and agree voluntarily to pay that share without further acrimony and litigation. The Court urges the parties to seriously consider this last alternative.

Therefore, it is

**ORDERED** that the Trustee may proceed with the sale of the marital residential property belonging to David A. Eads and Tina Louise Eads and located at 1837 Hickory Hills Drive, Joplin, Missouri, as previously authorized by this Court on October 31, 2001. It is

**FURTHER ORDERED** that the Trustee shall first pay the transactional and closing costs and the mortgage debts and any other liens and encumbrances on the property from the gross proceeds of sale, and shall distribute the net proceeds one-half to Tina Louise Eads as her tenancy by the entireties property and one-half to the bankruptcy estate of David A. Eads. It is

**FURTHER ORDERED** that the Trustee shall pay from the Debtor's share of the net proceeds only those debts on which the Debtor and Tina Louise Eads are jointly liable, and shall return to David A. Eads, as his tenancy by the entireties property, any funds remaining after payment of such joint debts. However, if the Debtor fails to exempt the remaining proceeds pursuant to 11 U.S.C. § 522(b)(2)(B), the Trustee may apply any amounts remaining after payment of the parties' joint debts to the payment of the Debtor's separate, individual debts. It is

**FURTHER ORDERED** that the Trustee's statutory fee shall be calculated only on the one-half of net proceeds received by the Debtor's bankruptcy estate, and not on the gross proceeds of sale.

---

5. After the Judgment of Dissolution has been granted in the pending divorce action in the Circuit Court of Jasper County.