**In the Matter of Ronald FOULK and Helen Foulk, Debtors.**

**Bankruptcy No. BK91–41044.**

United States Bankruptcy Court, D. Nebraska.

Nov. 8, 1991.

Timothy K. Olson, Lincoln, Neb., for debtors.

Kathleen A. Laughlin, Omaha, Neb., Chapter 13 Standing Trustee.

Patricia A. Dugan, Omaha, Neb., U.S. Asst. Trustee.

John Stonitsch, Kansas City, Mo., U.S. Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Bankruptcy Judge.

This case came before the court to consider confirmation of the debtors' proposed Chapter 13 plan. Timothy Olson appeared on behalf of debtors. Ms. Kathleen Laughlin appeared as Chapter 13 Trustee. The plan is not confirmed because the best interest of creditors test is not satisfied and because the debtor has claimed excessive exemptions.

The confirmation hearing was scheduled under 11 U.S.C. § 1324 upon affidavit evidence. The order scheduling the hearing

stated that debtors had the burden of proving all the requisites to confirmation, including satisfaction of the requirements of 11 U.S.C. §§ 1322 and 1325. Debtors were to provide notice of the hearing and of the plan to all creditors. The order also required the Chapter 13 standing trustee to attend and be heard pursuant to 11 U.S.C. § 1302(b). See, *In re Perskin,* 9 B.R. 626 (Bkrtcy.N.D.Tex.1981).

Prior to issuance of the order scheduling the confirmation hearing, the trustee filed a motion specifically requesting entry of a confirmation order. The trustee's motion states that upon "faith and belief" no objection to confirmation had been filed and that the plan should be confirmed. However, the trustee's motion falls short of containing a specific confirmation recommendation. The trustee filed no objection to confirmation.

I conclude that plan should not be confirmed because it fails to comply with 11 U.S.C. § 1325(a)(4), which precludes confirmation unless:

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

Satisfaction of § 1325(a)(4), which is referred to as the "best interest of creditors' test," is a fundamental condition to confirmation. It assures that creditors will be paid, at minimum, the amount which they would be paid if the case was a Chapter 7 liquidation. Chapter 13 is advantageous to debtors because they retain all their assets, including non-exempt assets, and make payments to creditors over a period of time during which debtors enjoy the protection afforded by bankruptcy law. This benefit to debtors is carefully balanced by the best interest of creditors' test of § 1325(a)(4). Under this statutory *quid pro quo* the debtor keeps his or her assets and creditors are assured of receiving what they would be paid in a Chapter 7 liquidation.

In order to determine compliance with the best interest of creditors test:

a hypothetical liquidation of the debtor's estate under Chapter 7 on the "effective date of the plan" must be compared to the value on "the effective date of the plan" of what the debtor proposes to distribute to the holders of allowed unsecured claims. A mathematical calculation must be made of the value of what would be available for distribution to unsecured claim holders in a Chapter 7 case. The debtor's proposed distributions to unsecured claim holders must be "present valued" (discounted) as of the effective date of the Chapter 13 plan. Keith. M. Lundin, *Chapter 13 Bankruptcy,* § 5.25 (1990).

The best interest of creditors' test is not satisfied in this case because of equity in the debtors' home. Debtors attempted to shield the equity by claiming exemptions not allowed under Nebraska law.

■ In completing a hypothetical liquidation analysis under § 1325(a)(4) to determine how much an unsecured creditor would be paid in Chapter 7, exempt property is excluded since creditors would not be paid any funds from such property in a Chapter 7 case. The assertion of an exemption has a direct impact upon the hypothetical Chapter 7 liquidation analysis. The greater the claimed exemption, the lesser will be the required payments to unsecured creditors.

■ Under 11 U.S.C. § 522(b)(1), debtors in this case are entitled to assert the Nebraska exemptions. The Nebraska homestead exemption is available only to a head of household and it is limited to $10,000.00. See Neb.Rev.Stat. § 40–101 (Reissue 1988). If a head of household does not have a homestead, a $2,500.00 in lieu of homestead exemption can be claimed under Neb.Rev. Stat. § 25–1552 (Reissue 1989). Decisional law makes clear that when a husband and wife file a joint bankruptcy case, the head of household may claim the homestead exemption and the other spouse may claim the in lieu of homestead exemption. At most, each exemption may be asserted once

for an aggregate exemption of $12,500.00. *See In re Nachtigal,* 82 B.R. 533 (Bankr. D.Neb.1988).

In this case, the debtors assert the Nebraska homestead exemption twice in that each spouse claims a homestead exemption of $6,750.00 for a total of $13,500.00. This claimed exemption is thus defective on its face because it is invoked twice and the aggregate amount exceeds the statutory limit of $10,000.00.

■ When the best interest of creditors' test is applied in this case using a single $10,000.00 homestead exemption as is permitted by Nebraska law, it appears that there is approximately $3,500.00 equity in the property which would be available for payments in a hypothetical Chapter 7 case. On the facts of this Chapter 13 case, the debtor proposes to make payments to the trustee in an aggregate amount of about $3,500.00. At a superficial level, it would thus appear that the best interest of creditors' test is satisfied because there would be about $3,500.00 available for distribution to creditors in a hypothetical Chapter 7 case, and the Chapter 13 plan proposes to make payments to the trustee in the total amount of $3,500.00. However, this is certainly not the case. A superficial analysis is not sufficient in these Chapter 13 cases. One needs to examine the Chapter 13 plan not to determine the amount of money the debtor pays to the trustee, but rather, the amount of money that the Chapter 13 trustee will pay to *unsecured creditors.* Under the proposed Chapter 13 plan, the $3,500.00 paid by debtor to the trustee will be applied to payment of attorneys' fees, trustee's fees and secured claims, and no payments will be made to unsecured creditors.

The best interest of creditors test is not satisfied because in a Chapter 7 case, unsecured creditors would receive about $3,500.00 less certain costs and the Chapter 13 plan proposes to pay unsecured creditors nothing.

The Chapter 13 trustee did not object to confirmation of this plan. Nor did the Chapter 13 standing trustee object to the claimed exemptions in this case. The Chapter 13 trustee gave no satisfactory explanation as to why no objections were filed. If this plan had been confirmed it would have deprived unsecured creditors of payments to which they were entitled under § 1325(a)(4) as a condition to confirmation.

■ Unsecured creditors often have such small claims and such a low expectation of any payment that they do not retain counsel and they do not object to confirmation. The Chapter 13 standing trustee is paid from the bankruptcy estate, and the trustee has fiduciary duties to creditors. The trustee is clearly required to "appear and be heard" at any confirmation hearing. See § 1302(b)(2)(B). I concur with Judge Lundin's observation that the requirement that the trustee "be heard" suggests that the trustee must make a recommendation for or against confirmation. See, Keith M. Lundin, *Chapter 13 Bankruptcy* § 3.51 (1990). In order to have a reasoned recommendation about confirmation it is necessary for the trustee to review the plan for compliance with the Bankruptcy Code. The form motion used by the Chapter 13 standing trustee to request confirmation is deficient because it does not clearly state that the trustee recommends that the plan be confirmed. The trustee may not equivocate about confirmation. The trustee must either recommend confirmation or object to confirmation. The Chapter 13 standing trustee should thus review all Chapter 13 plans in detail and should file objections to confirmation and claimed exemptions where warranted.

The Chapter 13 standing trustee, however, is not under court supervision, she is under the supervision and the control of the United States Trustee pursuant to 28 U.S.C. § 586. Thus, the United States Trustee should get involved in Nebraska Chapter 13 cases and require the Nebraska standing trustee to thoroughly review Chapter 13 plans for compliance with § 1325, and in particular subsection (a)(4) thereof. The trustee should also be required to examine the validity of claimed exemptions and, where appropriate, to file objections to confirmation and to claimed exemptions.

I am concerned that this case and other similar cases are reflective of a systems failure in Nebraska Chapter 13 cases that demands immediate corrective action by the United States Trustee and the Chapter 13 standing trustee to assure that unsecured creditors be paid the amount to which they are entitled under § 1325(a)(4).

For the reasons stated herein, the plan is not confirmed. The debtors shall file an amended plan and amended schedules in conformity herewith and in compliance with § 1325(a)(4) within fourteen (14) days hereof. The amended plan shall be supported by affidavits which include a hypothetical Chapter 7 liquidation analysis.

IT IS SO ORDERED.