**In re Floyd Ammon MILLER, Ruby Pauline Miller, Debtors.**

**Bankruptcy No. 99–21471–C–13.**

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

May 2, 2000.

Richard V. Fink, Chapter 13 Trustee.

Gary W. Smith, Attorney for debtors.

## *MEMORANDUM ORDER*

FRANK W. KOGER, Chief Judge.

This matter is before the Court on the objection by the Chapter 13 Trustee, Rich-

ard V. Fink, to confirmation of the Millers' Second Amended Chapter 13 Plan. For the following reasons, the Court will sustain the Trustee's objection and deny confirmation of the Plan.

### Facts

On December 6, 1999, Floyd and Ruby Miller filed a voluntary petition for rehabilitation under Chapter 13 of the Bankruptcy Code. In their schedules, the Millers disclosed unencumbered residential real property valued at $74,000.00, and listed personal property in the total amount of $17,520.00 of which property valued at $700.00 was shown as collateral for secured claims. After allowing for exemptions, the Millers contend they have $77,500.00 in non-exempt equity in their assets. The Millers scheduled general unsecured debts in the total amount of $172,716.00, which appear to consist predominantly of credit card obligations.

In their Second Amended Chapter 13 Plan, the Millers propose to make plan payments in the amount of only $548.00 per month for a period of 36 months. The Trustee objected to confirmation of the Plan contending that the Millers failed to satisfy the "best interests of creditors" or "liquidation" test contained in 11 U.S.C. § 1325(a)(4). The Millers responded by asserting that their monthly plan payments satisfy the "best efforts" or "disposable income" test set forth in 11 U.S.C. § 1325(b)(1), and that as long as either the "best interests of creditors" test or the "best efforts" test is satisfied, the Court must confirm their Chapter 13 Plan. The Trustee argues that the Millers must satisfy both section 1325(a)(4) and section 1325(b)(1) before their Plan can be confirmed.

Following oral argument on April 19, 2000, the Court took the matter under advisement. The Court has conducted its own independent research and is now ready to rule.

### Discussion

Section 1325 of the Bankruptcy Code provides in relevant part:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

. . . .

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

. . . .

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C. § 1325(a)(4) and (b)(1).

In *McRoberts v. Transouth Financial (In re Bell)*, 194 B.R. 192, 198 (Bankr. S.D.Ill.1996) (citations and footnote omitted), the bankruptcy court observed:

[A]s one of the provisions designed to safeguard the rights of Chapter 13 creditors ... the Code assures that unsecured creditors in a Chapter 13 case will receive at least as much as they would have received if the estate were liquidated under Chapter 7. *See* 11 U.S.C. § 1325(a)(4). This provision, known as the "best interests of creditors" test, essentially requires the debtor to pay for his non-exempt assets over the term of the plan. . . .

Likewise, in *United States v. Chavis (In re Chavis)*, 47 F.3d 818, 824 (6th Cir.1995), the Sixth Circuit, citing section 1325(a)(4), recognized that "[i]n a Chapter 13 action, the debtor retains the assets in

exchange for an agreement to make periodic payments to the creditors. The payments to the creditors must equal or exceed the amount that the creditors would receive under Chapter 7." *See also Edelsberg v. Thompson McKinnon Sec., Inc. (In re Edelsberg)*, 101 B.R. 386, 390 (Bankr. S.D.Fla.1989) ("For purposes of calculating payments to unsecured creditors under a Chapter 13 plan, the debtors must meet the liquidation test and pay to the unsecured creditors at least what they would have received if the estate were liquidated in a Chapter 7 proceeding."). Unless the requirements of section 1325 have been satisfied, including the "best interests of creditors" test in subsection (a)(4), the Court cannot confirm a Chapter 13 Plan. *See In re Estus*, 695 F.2d 311, 314–15 (8th Cir.1982); *First Bank and Trust v. Gross (In re Reid)*, 179 B.R. 504, 507 (E.D.Tex. 1995); *In re Sutliff*, 79 B.R. 151, 153 (Bankr.N.D.N.Y.1987).

 However, even when a Chapter 13 Plan meets all six conditions in section 1325(a), the Plan "still cannot be confirmed if, on objection, it fails to satisfy either the full payment or disposable income tests in Code § 1325(b)." *Sutliff*, 79 B.R. at 155. Section 1325(b)(1) operates as an additional ground independent of section 1325(a) for denying confirmation of a Chapter 13 Plan. *See id.* at 153. Section 1325(b)(1) was added to the Bankruptcy Code as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Public Law No. 98–353, and "is designed to insure that debtors d[o] not get a free ride in Chapter 13." *In re Rogers*, 65 B.R. 1018, 1020 (Bankr.E.D.Mich.1986). "It establishes an ability-to-pay test, which is designed to clarify the 'good faith' standard of § 1325(a)(3)." *Id.* (citation omitted). Section 1325(b) provides that if the trustee or an unsecured creditor objects to confirmation of the Chapter 13 Plan, the Court may not approve the Plan unless the debtor applies all of his or her disposable income to the Plan for three years. *See Washington Student Loan Guar. Ass'n v. Porter (In re Porter)*, 102 B.R. 773, 777 (9th Cir. BAP 1989).

 The Chapter 13 debtor must recognize that the mandate of section 1325(a)(4) operates independently of the requirements contained in section 1325(b)(1). *See Rogers*, 65 B.R. at 1020. Section 1325(a)(4) establishes the absolute minimum payment required under a Chapter 13 Plan, which is the amount that would be paid if the estate were liquidated under Chapter 7. *See Porter*, 102 B.R. at 777. The prerequisites to Plan confirmation set out in section 1325(a) are supplemented by the best efforts or disposable income test of section 1325(b)(1). *See id.* Although the debtor's proposed Plan payments satisfy section 1325(a)(4), the trustee or unsecured creditors may still object to Plan confirmation on the ground that under section 1325(b)(1), the debtor has the ability to and must pay a greater dividend to the unsecured creditors. While section 1325(a)(4) establishes the minimum amount a Chapter 13 debtor must pay into the Plan, under section 1325(b)(1) a debtor may be required to pay even more to the unsecured creditors.

In *In re Reyes*, 106 B.R. 155 (Bankr. N.D.Ill.1989), the Trustee objected to confirmation of the debtor's Chapter 13 Plan for lack of good faith under section 1325(a)(3) and failure to meet the disposable income test of section 1325(b)(1). The bankruptcy court sustained the Trustee's objection under section 1325(b)(1). In so ruling, the bankruptcy court made the following observations pertaining to the interaction between section 1325(a) and section 1325(b)(1):

A debtor's failure to meet the disposable income requirement of Section 1325(b) does not require the finding that the debtor did not propose the plan in good faith pursuant to Section 1325(a)(3). *See In re Sutliff*, 79 B.R. 151 (Bankr.N.D.N.Y.1987). The two are distinct and separate requirements of confirmation. . . .

. . . .

The Debtor's argument that the creditors will receive more than in a Chapter

7 case is misplaced. It is true that Section 1325(a)(4) requires creditors to receive under a Chapter 13 plan not less than what they would have received if the estate were liquidated under Chapter 7.... The "best interests of creditors" requirement is one important hurdle the Debtor must jump in order to achieve confirmation.

However, the Debtor may not ignore another provision of Section 1325 that becomes a requirement once properly raised, the disposable income requirement of Section 1325(b)(1). Congress added this subsection to Section 1325, pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984, in response to the divergence of opinion among the courts as to the minimum level of payment necessary to meet the good faith requirement of Section 1325(a)(3). **The disposable income requirement was intended to be in addition to, and not an alternative for, the best interests of creditors requirement of Section 1325(a)(4).** *See In re Willingham,* 83 B.R. 552 (Bankr.S.D.Ill. 1988); *In re Fries,* 68 B.R. 676 (Bankr. E.D.Pa.1986); and *In re Rogers,* [65 B.R. 1018 (Bankr.E.D.Mich.1986) ]. **Hence, it is misplaced to argue that the Plan should be confirmed because one, although not all, of the requirements of confirmation have been met.**

*Reyes,* 106 B.R. at 157–58 (emphasis added).

In 5 Norton Bankruptcy Law and Practice 2d § 122:3 (1997) (footnotes omitted), the authors state:

The Bankruptcy Court is required to confirm a Chapter 13 plan if the plan satisfies the conditions for confirmation contained in Code § 1325. Each of the six subparagraphs of Code § 1325(a) describes a test. The six tests operate in the conjunctive—the debtor must satisfy all six conditions for confirmation. The mandate of Code § 1325(a) requires confirmation of a plan satisfying the six conditions, notwithstanding that no creditor accepts the plan, files a proof of

claim, or otherwise participates in the case.

Code § 1325(b), added to the Code by the 1984 Bankruptcy Amendments, superimposes a seventh test on the debtor in a Chapter 13 case. Unlike the conditions stated in Code § 1325(a), the condition for confirmation in Code § 1325(b) arises only upon the objection to confirmation of the trustee or the holder of an allowed unsecured claim. In the event of such an objection, in addition to satisfying the six conditions in Code § 1325(a), the debtor must also satisfy the condition in Code § 1325(b)(1).

In sum, the Court determines that the Trustee correctly asserts that before the Millers' Chapter 13 Plan can be confirmed, the Plan must satisfy the requirements of both section 1325(a)(4) and section 1325(b)(1). The Millers have fallen over the first hurdle towards confirmation in that their Plan fails to provide for payments to the unsecured creditors that equal or exceed the amount that the creditors would receive under a Chapter 7 liquidation pursuant to section 1325(a)(4). Accordingly, the Court will sustain the Trustee's objection and deny confirmation of the Millers' Second Amended Chapter 13 Plan.

### Conclusion

Based on the above discussion, the objection by the Chapter 13 Trustee to confirmation of the Second Amended Chapter 13 Plan filed by Floyd and Ruby Miller is SUSTAINED. Confirmation of the Second Amended Chapter 13 Plan is DENIED.

The foregoing Memorandum Order constitutes Findings of Fact and Conclusions of Law as required by Fed.R.Bankr.P. 7052.