**In re Daniel Sullivan SMITH, Debtor.**

**Bankruptcy No. 00–61273.**

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

Nov. 1, 2000.

---

Connie Montgomery, Smith, Montgomery & Suhr P.C., Springfield, MO, for Debtor.

Richard Fink, Kansas City, MO, for Trustee.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

On August 3, 2000, debtor Daniel Sullivan Smith filed this Chapter 13 bankruptcy petition. The Chapter 13 trustee objected to Mr. Smith's claim of exemption as to his homestead. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### ISSUES PRESENTED

(1) In Missouri a debtor is entitled to claim as exempt from the claims of creditors up to $8000 of equity in a homestead. Missouri law also provides only one owner can claim the entire amount. Daniel and his sister jointly own their homestead, both filed Chapter 13 bankruptcy petitions, and both claim the $8000 exemption. Are the joint owners of a homestead, with separate creditors, each entitled to the $8000 exemption?

(2) Daniel's Chapter 13 plan and plan summary proposed to pay $57.00 per month for 36 months to the Chapter 13 trustee. From that amount the Chapter 13 trustee must pay Daniel's attorney's fees and the Chapter 13 fee. The Bankruptcy Code (the Code) provides that in order to be confirmed a Chapter 13 plan must propose to pay to unsecured creditors an amount not less than they would receive in a Chapter 7 liquidation. Daniel has nonexempt equity in his homestead. His plan proposes to pay a total of $2052 over the life of the plan, and of that amount the Chapter 13 trustee must pay $1500 in attorney's fees. Does the plan satisfy the best interest of unsecured creditors test as required by the Code?

### DECISION

(1) The homestead exemption in Missouri is limited to $8000 for each homestead, therefore, only one joint owner can claim the entire amount.

(2) The Code requires that a Chapter 13 plan provide for payment to the unsecured creditors an amount equal to what they would receive in a Chapter 7 liquidation. That amount may include the Chapter 7 administrative expenses or Chapter 13 ad-

ministrative expenses, but it cannot include both. And Daniel's proposed plan does not provide for payment to the unsecured creditors of an amount equal to the nonexempt equity in his homestead that they would receive in a Chapter 7 liquidation. The plan as proposed, therefore, is not confirmable.

## FACTUAL BACKGROUND

On August 3, 2000, Daniel filed this Chapter 13 case. According to his bankruptcy schedules he has no secured or priority creditors, and he has a total of $11,347 in unsecured debt. Those same schedules indicate that Daniel's current income is $687.51, that his expenses are $630.50, and that his disposable income is $57.00. The schedules also indicate that Daniel owns real property with a value of $15,000, in which he claims a homestead exemption of $8000. The Chapter 13 plan, filed with the schedules, proposes to pay to the Chapter 13 trustee the amount $57.00 a month for 36 months. From that amount Daniel's attorney will be paid $1500 over the life of the plan.

According to his bankruptcy petition, Daniel resides at 1518 North Diggins Main Street, Seymour, Missouri. His phone number is 417–767–4114. Schedule A of Daniel's schedules indicate that that same property is owned in joint tenancy.

On August 3, 2000, Andrea Leigh Smith, likewise, filed a Chapter 13 bankruptcy petition (Case Number 00–61274). She also listed her residence as 1518 North Diggins Main Street, Seymour, Missouri, and her phone number as 417–767–4114. Andrea's bankruptcy schedules indicate that she owns this residence in joint tenancy, that the residence has a fair market value of $15,000, and that $8000 of the value is exempt. Daniel and Andrea are bother and sister.

The Chapter 13 trustee objected to the claim of exemption in both of these cases. He argues that only one owner can claim the entire $8000 homestead exemption. I also note that Daniel's plan, as proposed, does not satisfy the Code's requirements for confirmation even if he claims the entire $8000 homestead exemption. For the reasons set forth below, I will, therefore, sustain the trustee's objection, and I will deny confirmation.

## DISCUSSION

The Code provides one exemption scheme in section 522(d),[1] however, it also allows a state to opt out of this scheme and establish its own.[2] Missouri chose to opt out, and debtors domiciled in Missouri may exempt from property of the estate any property that is exempt from attachment and execution under Missouri state law, or under any Federal law except the Code.[3] Debtors in Missouri may, thus, exempt equity in their homestead in an amount not to exceed $8000:

1. The homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the value of eight thousand dollars, which is or shall be used by such person as a homestead, shall, together with the rents, issues and products thereof, be exempt from attachment and execution.[4]

The exemption, however, is limited to one owner, if that owner claims the entire allowed amount of $8000:

The exemption allowed under this section shall not be allowed for more than one owner of any homestead if one owner claims the entire amount allowed under this subsection; but, if more than one owner of any homestead claims an exemption under this section, the exemption allowed to each of such owners shall not exceed in the aggregate, the

1. *Id.,* at § 522(d).

2. 11 U.S.C. § 522(b)(2)(A).

3. Mo. Stat. Ann. § 513.427 (Supp.2000).

4. *Id.* at § 513.475.1.

total exemption allowed under this subsection as to any one homestead.[5]

There has been some confusion in this area, because, in the case of a joint filing, the Code provides that exemptions allowed by the Code apply to each debtor separately.[6] However, when a state opts out of the exemption scheme provided by the Code, that state is not required to make those exemptions available to joint debtors.[7] As such, the exemptions provided for in the Code have no force when the state opts out, as Missouri has done.[8] I, therefore, find that debtors in Missouri are bound by the express language of the Missouri homestead statute, and that statute allows only one joint owner to claim the entire amount of the homestead exemption. In *Van Der Heide v. LaBarge (In re Van Der Heide)*,[9] the Eighth Circuit, interpreting Missouri's homestead statute, held that a Chapter 13 debtor was only entitled to claim one-half of the total homestead exemption as to property held with his non-filing spouse as tenants by the entirety.[10] Without deciding here how Daniel and Andrea should or could divide their homestead exemption, I will, nonetheless, sustain the Chapter 13 trustee's objection to Daniel's claim for his homestead exemption. And I will allow 15 days for Daniel to amend his exemption schedule to comply with this Memorandum Opinion.

In addition, I find that Daniel's Chapter 13 plan is not confirmable. The Code provides that a Chapter 13 plan is not confirmable unless the plan proposes to pay to unsecured creditors an amount equal to what they would receive in a Chapter 7 liquidation:

> (a) Except as provided in subsection (b), the court shall confirm a plan if—
>
> .    .    .    .    .
>
> (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date;[11]

This is called the "best interest of creditors test,"[12] and its application requires two separate calculations.[13] First the Court must determine the value of property to be distributed "under the plan on account of each allowed unsecured claim"[14] after payment of Chapter 13 administrative expenses.[15] In this Case, Daniel proposes to pay to the Chapter 13 trustee the sum of $57.00 a month for 36 months. From that amount, the Chapter 13 trustee must pay Daniel's attorney's fees in the amount of $1500, as well as the Chapter 13 trustee's fees. In order to pay the attorney's fees over the life of the plan, as proposed, the Chapter 13 trustee will distribute $41.67 a month to Daniel's attorney. In addition, the trustee's fees are approximately $5.70 a month. There will remain for payment to unsecured creditors the sum of $9.63 a month for a total pay-

**5.** *Id.*

**6.** *See* 11 U.S.C. § 522(m) (stating that [s]ubject to the limitation in subsection (b), this section shall apply separately with respect to each debtor in a joint case).

**7.** *In re Riebow*, 114 B.R. 656, 657 (Bankr. E.D.Mo.1990) (citing *Stevens v. Pike County Bank*, 829 F.2d 693, 695 (8th Cir.1987)).

**8.** *Id.*

**9.** 164 F.3d 1183 (8th Cir.1999).

**10.** *Id.* at 1186.

**11.** 11 U.S.C. § 1325(a)(4).

**12.** *In re Miller*, 247 B.R. 795, 796–797 (Bankr.W.D.Mo.2000) (stating that as a safeguard to unsecured creditors, Chapter 13 debtors must propose a plan that pays unsecured creditors at least as much as they would receive in a Chapter 7 liquidation).

**13.** *Jensen v. Dunivent (In re Dewey)*, 237 B.R. 783, 788 (10th Cir. BAP 1999).

**14.** 11 U.S.C. § 1325(a)(4).

**15.** *Id.*

ment of $346.68, or approximately 3 percent of the debt as scheduled.

The second calculation requires the Court to consider the amount that would be paid on each unsecured claim if Daniel's estate were liquidated in a hypothetical Chapter 7 case, taking into account Chapter 7 administrative expenses.[16] For this calculation, the Court will assume Daniel is entitled to the homestead exemption, and not Andrea. Daniel's residence is valued at $15,000 with no liens or encumbrances. Daniel is claiming $8000 exempt, leaving nonexempt equity in the amount of $7000. That sum would be available to Daniel's unsecured creditors after subtracting the Chapter 7 trustee's fees for distributing same. The Code provides that a Chapter 7 trustee is entitled to a fee not to exceed 25 percent on the first $5000 distributed and 10 percent on sums in excess of $5000, but not to exceed $50,000.[17] Using those limitations, a hypothetical Chapter 7 trustee would be entitled to a fee of $1450 on a distribution of $7000, leaving $5550 for distribution to unsecured creditors, or 48.9 percent of each scheduled unsecured creditor's claim.

I note that a debtor's attorney's fees in a Chapter 7 case are generally paid prepetition, and the fees are rarely considered as an administrative expense in most consumer bankruptcy cases. Even were I to allow $600 for Chapter 7 attorney's fees, however, the unsecured creditors would receive more in a Chapter 7 liquidation.

While not a Missouri case, *In re Foulk*[18] is very nearly on point with the facts of this case. In *Foulk* married debtors each attempted to claim a homestead exemption in the amount of $6750, when Nebraska had a statutory limit at the time of $10,000

in the aggregate.[19] After allowing only the $10,000 homestead exemption the Court, *sua sponte*, found that debtors' plan did not satisfy the best interest of creditors test even though the debtors proposed to pay to the Chapter 13 trustee the total sum of $3500.[20] The Court stated that one needs to determine the amount of money actually paid to the unsecured creditors, not the amount of money paid to the Chapter 13 trustee, in making a best interest calculation.[21] Since under the Foulk's proposed plan all of the payments would be applied to payment of attorney's fees, trustee's fees, and secured claims, with no payments to unsecured creditors, the Court found the plan did not satisfy the best interest of creditors test, and it refused to confirm the plan.[22] I, likewise, find that Daniel's plan, as proposed, does not satisfy the best interest of creditors test. I will, therefore, deny confirmation and allow Daniel 15 days in which to propose an amended plan that complies with this Memorandum Opinion.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

16. *See Forbes v. Forbes (In re Forbes)*, 215 B.R. 183, 189 n. 7 (8th Cir. BAP 1997) (the Court held that the hypothetical Chapter 7 liquidation is based on the cash payment that would be produced on the date the case was filed, while the Chapter 13 calculation is performed on the effective date of the plan).

17. 11 U.S.C. § 326(a).

18. 134 B.R. 929 (Bankr.D.Neb.1991).

